**UNITED STATES of America, Appellee,**

v.

**Juan ZAYAS, Defendant, Appellant.**

**No. 89–1031.**

United States Court of Appeals, First Circuit.

Heard May 2, 1989.

Decided June 7, 1989.

John F. Cicilline, Providence, R.I., for defendant, appellant.

Kenneth P. Madden, Asst. U.S. Atty., with whom Lincoln C. Almond, U.S. Atty., Providence, R.I., was on brief, for U.S.

Before BREYER and TORRUELLA, Circuit Judges, and RE,* Judge.

TORRUELLA, Circuit Judge.

Juan Zayas appeals from his criminal conviction after a bench trial. The defendant was charged with a single count of possession with intent to distribute heroin. The district court acquitted the defendant on that charge, but found him guilty of the

---

* The Honorable Edward D. Re, Chief Judge of the United States Court of International Trade, sitting by designation.

lesser included offense of possession of heroin. Defendant was then sentenced to a year in prison, a one year term of supervised release, a $20,000 fine, and costs of incarceration and supervision.

The conviction stemmed from the following incident. On May 5, 1988, Providence police were following a Jeep. There were two persons in the Jeep: the defendant was the driver and Miguel Fortunato was the passenger. At one point, the Jeep turned down a side street. Fortunato left the Jeep and walked toward some nearby houses. When Fortunato returned, Zayas drove the Jeep back to the main street. The police then called for reinforcements. Sensing that they were being followed, the occupants of the Jeep made a sharp turn into a vacant lot. As the Jeep executed the turn, the driver's window came down and the driver dropped several packages to the ground. It turned out that these packages contained heroin whose net weight was 9.4 grams. Zayas and Fortunato were then arrested.

At trial, Zayas called two witnesses. The first was a police officer who testified that Fortunato told him that Zayas had nothing to do with the drugs. Zayas then took the stand himself and testified that he knew nothing about the transaction and was just giving Fortunato a ride. He also testified that Fortunato had dumped the heroin out of the Jeep from the passenger side window.

Zayas raises three issues on appeal. First, he claims that the indictment should have been dismissed under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., because the trial did not begin until seventy days after his arraignment. Second, he argues that he was deprived of his privilege against self-incrimination with respect to certain questions regarding a videotape recording. Third, he claims that he was incorrectly sentenced because the trial court misapplied the Sentencing Guidelines.

*First.* The facts relating to the Speedy Trial Act claim are as follows. Zayas was arraigned on July 21, 1988, and both parties agree that this event triggered the statutory 70–day period. *See* 18 U.S.C. § 3161(c)(1). Since there was no excludable time, *see id.* § 3161(h), both parties agree that the statutory period expired on September 28, 1988. The jury was empaneled on September 15, 1988, but the actual trial only began on October 27, 1988.[1] The defendant concedes that empanelment would ordinarily satisfy the statute, but argues that this particular empanelment was merely a pretext to toll the statutory "clock." The government in turn concedes that a pretextual empanelment will not toll the statute, *see, e.g., United States v. Scaife*, 749 F.2d 338, 343 (6th Cir.1984), but argues that the empanelment in this case was not pretextual.

This claim thus boils down to a factual issue: whether the September 15 empanelment was a pretext. The only proof adduced by the defendant to support this allegation is that the trial court was in the midst of a civil trial on that date, and that this trial ran for three or four months. The government responds that the trial judge was not conducting a civil trial on September 15. Although there were civil cases on the trial calendar, the district court intended to try Zayas' criminal case first, and was in fact ready to begin taking testimony on September 16. The court rescheduled the case because both defense counsel and the prosecutor were involved in another trial before District Judge Ernest Torres, *United States v. Tejada, et al*, Cr. No. 88–047T. That trial, which began on September 7, 1988, ended on September 20, 1988. Within a week after the end of that trial, defense counsel started another trial before Senior District Judge Raymond Pettine, *United States v. Bello–Rodriguez*, Cr. No. 88–049P, which lasted from September 27 through September 30. The district court turned to the number one civil case on his docket only because of the unavailability of both counsel. When the district court sought to schedule the trial for October 13, the government alleges that defense counsel told the court that he would be unavailable to begin a trial until October 24. The district court then sched-

---

1. Zayas waived his right to trial by jury on the day of the trial.

uled the trial for October 27. The government also points out that the jury was empaneled two weeks prior to the expiration of the statutory period, proving that the empanelment was not some last minute maneuver to circumvent the statutory mandate. *See United States v. Crane*, 776 F.2d 600, 603 (6th Cir.1985).

■ At the October 27, 1988 hearing on defendant's motion to dismiss the indictment on Speedy Trial Act grounds, the district court adopted the government's version of the facts. *See* Transcript of October 27, 1988 Hearing at 9 (*reproduced in* Supplemental Record Appendix). The defendant has not convinced us that these findings are clearly erroneous. *See United States v. Henderson*, 746 F.2d 619, 622 (9th Cir.1984), *aff'd*, 476 U.S. 321, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986). Even if the government's chronology is accurate, the defendant's counsel claimed at oral argument that the delay in commencing the trial should not be attributed to him, but to the federal court, which was responsible for the scheduling of his cases. The short answer to this contention is that defense counsel cannot take advantage of the court's efforts to accommodate his schedule. We hold that the September 15 jury empanelment was not a pretext and reject defendant's claim that his indictment should have been dismissed because the Speedy Trial Act was violated.

*Second.* Zayas was cross-examined by the prosecutor about a videotape that he had made showing him holding a large sum of money, roughly $20,000. Zayas refused to answer this question on Fifth Amendment grounds. The prosecutor argued that the question was relevant because the defendant's possession of large sums of money is probative of his intent to distribute heroin. The trial court agreed that the question was relevant, and ruled, over defense counsel's objection, that Zayas had to answer it because once a defendant takes the stand, he must answer all relevant questions on cross-examination.

■ The core of the dispute between the parties is the extent to which taking the stand waives the defendant's privilege against self-incrimination. The defendant argues that the waiver is limited to issues actually raised during the defendant's direct examination, whereas the government argues that the waiver extends to all issues reasonably related to the subjects covered by the defendant's testimony. We see no need to resolve this issue here because even if there was error, it was harmless. The prosecution sought to cross-examine Zayas about the videotape to prove that he possessed the intent to distribute heroin. The defendant suffered no prejudice from this line of questioning because he was acquitted of the intent to distribute charge. The spillover effect of the answers was minimal because this was a bench trial.[2] We therefore do not find any reversible error in the trial court's ruling regarding the defendant's Fifth Amendment rights.

*Third.* The defendant's base level offense was computed at eight pursuant to § 2D2.1 of the Sentencing Guidelines. The base offense level was then increased by two levels for obstruction of justice pursuant to § 3C1.1 of the Sentencing Guidelines. Zayas was not awarded any reduction for acceptance of responsibility. Zayas argues that the trial court's refusal to grant him a downward adjustment for acceptance of responsibility is unconstitutional because he is being penalized for exercising his constitutional right to plead not guilty. In essence, he argues that he should be allowed to accept responsibility even after the factfinder has determined his guilt.

The government does not dispute the latter contention. *See* Sentencing Guidelines § 3E1.1(b). Instead, it argues that even if the defendant accepted responsibility after being adjudged guilty, the trial court was justified in refusing to reduce Zayas' base

---

**2.** At oral argument, defendant's counsel claimed that the videotape caused the district court to impose a harsher sentence. The problem with this argument is that the videotape is irrelevant to the defendant's Fifth Amendment argument, which focuses on the answers that Zayas was compelled to supply.

level offense level. The trial court found that the defendant had perjured himself with regard to his claim that Fortunato threw the heroin out of the Jeep. *See* Transcript of December 20, 1988, Sentencing Hearing at 9, *reproduced in* Supplemental Record Appendix. Paragraph 4 of the commentary to § 3E1.1 of the Guidelines authorizes the trial court to withhold the two level reduction for acceptance of responsiblity if the defendant has perjured himself.

We accept the perjury finding because there is no basis in the record to characterize it as clearly erroneous. *See* 18 U.S.C. § 3742(d); *cf. United States v. Wright*, 873 F.2d 437, 443–44 (1st Cir.1989) (adopting clearly erroneous standard of review for "role in the offense" determinations). In fact, the defendant himself has not questioned this finding. Based on this finding, the district court was clearly justified in refusing to grant the two point downward adjustment. We hold that the defendant was correctly sentenced.

Juan Zayas' conviction is *affirmed*.