UNITED STATES, Appellee,

v.

Ramon MATA–GRULLON, a/k/a Santos Perez, Defendant, Appellant.

Nos. 89–1140, 89–1240.

United States Court of Appeals, First Circuit.

Submitted Aug. 4, 1989.

Decided Oct. 6, 1989.

John F. Cicilline, Providence, R.I., on brief, for defendant, appellant.

Lincoln C. Almond, U.S. Atty., Providence, R.I., and Suzanne Grealy Curt, Asst. U.S. Atty., on brief, for appellee.

Before BREYER, TORRUELLA and SELYA, Circuit Judges.

**PER CURIAM.**

Ramon Antonio Mata Grullon entered a plea of guilty to a charge of possessing heroin with intent to distribute it. 21 U.S.C. § 841(a)(1). The district court sentenced him to a term of 27 months imprisonment, a fine, and a term of supervised release. *See* United States Sentencing Commission Guidelines §§ 2D1.1 (base offense level for drug trafficking), 5C2.1 (imprisonment), 5D3.1–5D3.3 (supervised release), 5E4.2 (individual fine). Defendant appeals that sentence. We affirm.

■ 1. Appellant argues that the district court erroneously added two Guideline levels for willfully obstructing justice, *see* Guidelines § 3C1.1, an adjustment the court based upon appellant's having lied about his name, birthdate and citizenship both to an immigration agent and a federal magistrate. At the sentencing hearing, however, appellant conceded that "the court is entitled to increase" the sentencing level "because during the proceedings there has been an obstruction, so to speak." Given this concession, we believe that appellant waived the point. *See United States v. Edgewood Health Care Center*, 608 F.2d 13, 14 (1st Cir.) (issues not raised below normally will not be considered on appeal), *cert. denied*, 444 U.S. 1046, 100 S.Ct. 734, 62 L.Ed.2d 732 (1979). Regardless, we can find nothing improper about the increase.

■ 2. Appellant says that, in light of his guilty plea, the district court should have given him a two-level reduction for "acceptance of responsibility." *See* Guidelines § 3E1.1. The Guidelines make clear, however, that a defendant who pleads guilty is not automatically entitled to this two level reduction. *See id.* § 3E1.1(c) ("A defendant who enters a guilty plea is not entitled to a sentencing reduction under this section as a matter of right."). Rather, the court may take account of other related circumstances. Here, appellant's false statements militate against the reduction, *see id.* § 3E1.1, Application Note 4 ("An adjustment under this section is not warranted where a defendant perjures himself ... or otherwise obstructs the ...

administration of justice (*see* § 3C1.1) regardless of other factors"), and we cannot say the court committed legal error in refusing to award it, *see United States v. Zayas*, 876 F.2d 1057, 1060 (1st Cir.1989); *see also United States v. Thomas*, 870 F.2d 174, 176 (5th Cir.1989) ("Whether or not a defendant has accepted responsibility for his crime is a factual question ... [that] enjoys the protection of the 'clearly erroneous' standard."); Guidelines § 3E1.1, Application Note 5 ("the determination of the sentencing judge [with respect to defendant's acceptance of responsibility] is entitled to great deference on review and should not be disturbed unless it is without foundation"). To treat the false statements as evidence of *both* a failure to accept responsibility *and* an effort to obstruct justice does not impermissibly "double count" them, for the false statements, in fact, tend to show *both*.

■ 3. Appellant argues that the government failed to fulfill its plea-bargained promise to recommend the lowest sentence within the appropriate Guideline range. Of course, the government must keep its plea agreements, *see Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), and may not do "end-runs around them," *see United States v. Voccola*, 600 F.Supp. 1534, 1537 (D.R.I. 1985). On the other hand, the government must bring all relevant facts to the judge's attention, *see United States v. Hogan*, 862 F.2d 386, 388–89 (1st Cir.1988) (notwithstanding the existence of any plea agreement, "[t]he sentencing judge ... has a right to expect that the prosecutor ... give him all relevant facts within [the prosecutor's] ken"), and its recommendations need not be "enthusiastic," *see United States v. Ramos*, 810 F.2d 308, 313–14 (1st Cir.1987). Here, the government made the promised recommendation. It also pointed out that the heroin's purity was "above 50 percentile, which is quite potent compared to what's usually available on the street these days," and it characterized the offense as "very serious," a "potential of harm" that "is obviously great to those unwilling users of such a drug." In our view, however,

these latter comments do not constitute an "end run" around the recommendation. They are no more objectionable than those made in *United States v. Ramos, supra,* where we rejected the same argument that appellant now makes.

■ 4. Appellant argues that the court did not permit him to make the "statement in his own behalf" that Fed.R.Crim.P. 32(a)(1)(C) permits. Even assuming away a variety of procedural problems that stand in the way of our reviewing this claim (which was raised for the first time on a motion to correct sentence), appellant could not prevail. The transcript of the sentencing hearing reveals that he and his counsel were both permitted to speak. Appellant, pointing to the probation officer's presentence report, says that the exact terms of his sentence were typed in *before* the judge pronounced sentence, indicating that the judge had made up his mind (and shared it with the probation officer) before hearing appellant's allocution. A judge, however, may make a preliminary determination about the sentence in his own mind before hearing the defendant's allocution. *See United States v. Ponce Federal Bank,* 883 F.2d 1, 1–2 (1st Cir.1989); *United States v. Serhant,* 740 F.2d 548, 554 (7th Cir.1984). That the judge is not persuaded by the defendant's allocution does not mean he failed to give it due consideration, *cf. United States v. Twomey,* 806 F.2d 1136, 1143 (1st Cir.1986), and nothing else in the record reveals any special circumstance here that would warrant the conclusion that the court's mind was closed.

For these reasons, the judgment of the district court is

*Affirmed.*