UNITED STATES of America, Appellee,

v.

Manuel JIMENEZ–OTERO,
Defendant, Appellant.

No. 89–1562.

United States Court of Appeals,
First Circuit.

Heard March 6, 1990.

Decided March 14, 1990.

Gabriel Hernandez Rivera, with whom Feldstein, Gelpi, Hernandez & Gotay, Old San Juan, P.R., was on brief for defendant, appellant.

Warren Vazquez, Asst. U.S. Atty., with whom Daniel F. Lopez–Romo, U.S. Atty., Hato Rey, P.R., was on brief for the U.S.

Before BREYER and SELYA, Circuit Judges, and RE,* Judge.

* The Honorable Edward D. Re, Chief Judge of the United States Court of International Trade, sitting by designation.

SELYA, Circuit Judge.

This is a single-issue sentencing appeal wherein a defendant who pled guilty to a charge of threatening a federal officer, in violation of 18 U.S.C. § 115(a), (b)(4), challenges the district court's 6–point adjustment in its computation of defendant's total offense level. The court made the upward adjustment because it found that the defendant had engaged in conduct "evidencing an intent to carry out [the] threat," U.S.S.G. § 2A6.1(b)(1), by brandishing a screwdriver during the crime's commission.

The circumstances are as follows. On September 28, 1988, defendant-appellant Manuel Jimenez–Otero (Jimenez) was charged with having verbally threatened to murder a postal service employee engaged in the performance of his official duties. Subsequently, a non-binding plea agreement was entered, Fed.R.Crim.P. 11(e)(1)(B), in which the government agreed to reduce the charge from "threat to murder" to "threat to assault." Jimenez agreed to plead guilty to the reduced charge. The parties stipulated that they believed the applicable sentencing guideline should be computed at a base offense level of 12, U.S.S.G. § 2A6.1(a), to be decreased by 4 levels since defendant's conduct involved a single instance evidencing little or no deliberation, U.S.S.G. § 2A6.1(b)(2), and further reduced by 2 more levels for acceptance of responsibility, U.S.S.G. § 3E1.1(a). (A base offense level of 6 and a criminal history category of I would produce a sentencing range of 0 to 6 months).

Defendant pled guilty to the reduced charge. Pursuant to standard convention, see Fed.R.Crim.P. 32(c), the court ordered a presentence report (PSI Report). The Report did not recommend the downward adjustments foreseen by the parties. Rather, the probation officer suggested an increase of 6 levels on the ground that the defendant had brandished a dangerous weapon—a screwdriver—during the commission of the crime[1]. Inasmuch as this conduct called for a 6–level upward adjustment, see

*infra*, the probation officer advised computing the sentence at a total offense level of 18, resulting in a guideline imprisonment range of 27–33 months. The Report concluded with the opinion that there was no information that would warrant departure from the guidelines.

At the sentencing hearing, the court granted defendant a 2–point reduction for acceptance of responsibility (not envisioned by the probation officer) but increased the base offense level by 6 because the "defendant engaged in conduct evidencing an intent to carry out a threat ... [by] brandish[ing] a dangerous weapon." *See* U.S.S.G. § 2A6.1(b)(1). The resultant total offense level (16) produced a 21–27 month spread. The court sentenced defendant at the nadir of the guideline range, 21 months in prison.

▪ Jimenez appeals on the basis that the district court incorrectly applied the guidelines. *See* 18 U.S.C. § 3742(a)(2). We review the district court's fact-based determination regarding defendant's purpose in holding the screwdriver only for clear error. *See* 18 U.S.C. § 3742(e) (court of appeals "shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts"); *United States v. Royer*, 895 F.2d 28, 29–30 (1st Cir.1990); *United States v. Mata–Grullon*, 887 F.2d 23, 24 (1st Cir.1989) (per curiam); *United States v. Zayas*, 876 F.2d 1057, 1060 (1st Cir.1989); *United States v. Diaz–Villafane*, 874 F.2d 43, 48 (1st Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 177, 107 L.Ed.2d 133 (1989); *United States v. Wright*, 873 F.2d 437, 443–44 (1st Cir.1989). The "clearly erroneous" rule applies "in full flower" to inferences drawn from documentary evidence and/or agreed facts. *E.g., In re Tully*, 818 F.2d 106, 109 (1st Cir.1987). It is plainly reasonable to think of a screwdriver as a "dangerous weapon" in the context of this offense and therefore to conclude the wielder has "engaged in conduct evidenc-

---

**1.** Defendant did not dispute that he was holding the screwdriver at the time. He argued instead that it was part of his usual equipage as a maintenance man and that he was not carrying it in a threatening manner.

ing an intent to carry out a threat." U.S.
S.G. § 2A6.1(b)(1). Accordingly, we cannot
alter the trial court's interpretation of the
undisputed facts. After all, "[w]here there
are two permissible views of the evidence,
the factfinder's choice between them can-
not be clearly erroneous." *Anderson v.
City of Bessemer City*, 470 U.S. 564, 573–
74, 105 S.Ct. 1504, 1511–12, 84 L.Ed.2d 518
(1985).

 Nor can we say that the plea
agreement made a dispositive difference.
Appellant concedes that the colloquy or-
dained under Fed.R.Crim.P. 11(c) contained
all of the required advice, warnings, and
caveats. Moreover, the law is clear that,
where a non-binding plea agreement is
struck, the district court is constrained nei-
ther by the United States Attorney's sen-
tencing recommendation, *see* U.S.S.G.
§ 6B1.1(b) (policy statement), nor by stipu-
lations of fact accompanying the plea con-
tract, U.S.S.G. § 6B1.4(d) (policy state-
ment).

 Defendant also argues that there
were "mitigating circumstances" such that
the court should have departed downward
in imposing sentence. We have held be-
fore, and today reaffirm, that a criminal
defendant cannot normally ground an ap-
peal on such a theory. *See United States
v. Pighetti*, 898 F.2d 3, 4 (1st Cir.1990);
*United States v. Tucker*, 892 F.2d 8, 10
(1st Cir.1989). This case is no exception to
that rule.

We need go no further. Although the
district judge might have elected to view
the scenario more congenially to defendant,
she was not obliged to do so. Because the
court's recension of the evidence was plau-
sible, we cannot say that its conclusions
were unfounded or clearly erroneous. The
judgment of conviction and the concomitant
sentence are, therefore, *Affirmed*.