UNITED STATES of America, Appellee,

v.

John W. SCOTT, Jr., Defendant, Appellant.

No. 90–1224.

United States Court of Appeals, First Circuit.

Heard July 31, 1990.

Decided Oct. 2, 1990.

Edward J. Romano, Providence, R.I., for defendant, appellant.

Anthony C. Digioia, Asst. U.S. Atty., with whom Lincoln C. Almond, U.S. Atty., Providence, R.I., was on brief, for U.S.

Before CAMPBELL and SELYA, Circuit Judges, and BOWNES, Senior Circuit Judge.

LEVIN H. CAMPBELL, Circuit Judge.

Defendant Scott appeals from the sentence imposed by the district court. He contends the court abused its discretion in applying, and also in departing from, the Sentencing Guidelines. *See* Sentencing Reform Act, as amended, 18 U.S.C. § 3551 *et seq;* 28 U.S.C. §§ 991–998. In particular, he argues that the district court erred in (1) refusing to subtract two points for defendant's alleged acceptance of responsibility, and (2) departing upwardly from the guideline range. Finding no error, we affirm the sentence.

## I. *Background.*[1]

On July 5, 1989, appellant, John W. Scott, Jr., who was on parole in California for a sexual battery, was interviewed by a deputy sheriff concerning allegations that he had molested and sodomized a ten year old girl and her twelve year old sister. Although defendant was not arrested at that time, he was specifically advised that he had been identified by the victims. Fearing prosecution for the new crimes imputed, defendant fled his home the next day. Subsequently, warrants were issued in California for appellant's arrest on the child molestation charges and for violation of parole. When defendant left his home in Weott, California he went to the town of Santa Rosa, California, where, on July 25, 1989, he obtained a birth certificate in the name of James Allen Bullington, a soldier who died in the Vietnam War in 1967. A week later appellant applied for a social security card in Newport, Rhode Island in the name of James Allen Bullington. On September 6, 1989, appellant applied for a passport at the post office in Newport, using the same fictitious identity of James Allen Bullington. Appellant presented two pictures of himself, the birth certificate, and a social security card issued in the name of Bullington as identification. When the clerk would not accept his application without a photo identification, appellant proceeded to obtain a driver's license under the name of Bullington in the state of Rhode Island and presented an acquaintance who falsely stated under oath that he had known the appellant for three years and that his name was James Allen Bullington. His application was accepted.

The following events that transpired after submittal of the application for the passport are material:

Later in September 1989, a federal investigation revealed that Bullington had died in Vietnam in 1967. Appellant was arrested on September 28, 1989, and based on the passport application, was charged with knowingly and willfully making a material false statement in a matter within the jurisdiction of the U.S. State Department in violation of 18 U.S.C. § 1001. When agents approached him, appellant identified himself as Jim Bullington. After they placed him under arrest he refused to give them his true identity. When fingerprinted, appellant signed the name James Allen Bullington to the fingerprint card. Even after the FBI in Washington, D.C. had identified his fingerprints as those of John William Scott, Jr., his true identity, appellant continued to refuse to truthfully identify himself. He told the U.S. Marshals that his name was James Allen Bullington. Moreover, when appellant finally admitted his true identity to the district court, he

---

1. The statement of facts comes from the prosecution version of the offense, found at pages 1–4 of the Presentence Report. We take note that at sentencing, defendant stated that he did not dispute the facts contained in the Presentence Report. *See* Transcript of Sentencing, February 1, 1990 at 3–4.

made several statements about his financial status that turned out to be false.

Appellant pled guilty in the district court to knowingly and willfully making material false statements in a matter within the jurisdiction of the Department of State, pursuant to 18 U.S.C. § 1001. Thereafter, he was sentenced to three years in prison, a $10,000 fine, and a three year term of supervised release.

## II. *District Court's Refusal to Grant a Two Point Reduction for Acceptance of Responsibility.*

Appellant argues that in light of his guilty plea the district court should have granted to him a two-level reduction for "acceptance of responsibility." Subsection (a) of Section 3E1.1 of the Sentencing Guidelines provides that if a defendant "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for the offense of conviction, [the court should] reduce the offense level by two levels." Subsection (c) explicitly states, however, that "a defendant who enters a guilty plea *is not entitled to a sentencing reduction under this section as a matter of right.*" Emphasis added. Under Application Note 4, "an adjustment under this section is not warranted where a defendant ... obstructs the trial or the administration of justice (see 3C1.1), regardless of other factors." Finally, under Application Note 5, "... the determination of the sentencing judge is entitled to great deference on review and should not be disturbed unless it is without foundation."

■ We have previously held that whether a defendant "clearly demonstrates a recognition and affirmative acceptance of personal responsibility" is a fact-dominated issue. The district court's decision to withhold a reduction in the offense level will not be overturned unless clearly erroneous. *See United States v. Royer,* 895 F.2d 28, 29 (1st Cir.1990); *United States v. Mata–Grullon,* 887 F.2d 23, 24 (1st Cir.1989) (per curiam).

■ The record here does not support appellant's contention that the district court judge lacked a sufficient basis to deny the discretionary two-level reduction for "acceptance of responsibility." Appellant's continued false statements and lies about his identity, after arrest and identification by the FBI, and his attempt to mislead the authorities by furnishing incorrect financial data, amply support the district court's conclusion that he did not recognize and affirmatively accept responsibility. Further supporting this conclusion was the court's imposition of a two level upward adjustment for obstruction of justice, which appellant does not now challenge. Application Note 4, as noted, provides that an acceptance of responsibility downward adjustment is not warranted where a defendant obstructs the administration of justice, regardless of other factors. *See United States v. Mata–Grullon,* 887 F.2d at 24. We see no error in the denial of an acceptance of responsibility adjustment.

## III. *District Court's Upward Departure from the Sentencing Guidelines.*

■ Appellant argues that the district court incorrectly departed from the 15–21 months sentencing guidelines range for the offense committed. The district court judge sentenced appellant to a period of three years (36 months). The two reasons provided by the district court for the upward departure were (1) the record of deception that the appellant had established during the evolution of the case, and (2) that the dollar loss which the guidelines dealing with this particular offense use as the basis for calculating the sentencing range did not capture the harmfulness or seriousness of appellant's conduct.

A court may depart upwardly from the guideline range if, and only if, it "finds that there exists an aggravating ... circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b). *See United States v. Diaz Villafane,* 874 F.2d 43, 49 (1st Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 177, 107 L.Ed.2d 133 (1989); *United States v. Russell,* 870 F.2d 18 (1st Cir.1989) (per curiam).

The Sentencing Commission stated in its commentary to the guideline applicable to the offense to which defendant Scott pleaded guilty that the penalties prescribed were geared primarily to cases where the fraud was to obtain *money* by deceit. *See* Guidelines, § 2F1.1, commentary 9(a). The Commission expressly indicated that a discretionary departure might be appropriate when, as in the present case, the primary objective of the fraud was non-monetary. *Id.*

 In *United States v. Diaz Villafane,* we crafted a three step analysis applicable to departures from the United States Sentencing Guidelines. First, we are to ascertain whether the factors mentioned by the district court warranted the departure as a matter of law. Second, we must determine whether there is an adequate factual basis for the court to find the existence of these factors. Third, assuming departure is warranted under the first two criteria, the direction and degree of departure must, on appeal, be measured by a standard of reasonableness. *United States v. Diaz Villafane,* 874 F.2d at 49; *United States v. Aguilar Pena,* 887 F.2d 347 (1st Cir.1989); *United States v. Williams,* 891 F.2d 962 (1st Cir.1989).

Here, departure is plainly warranted under the first and second steps. We need only consider, at step three, the reasonableness of the direction and degree of the departure.

The district court sentenced appellant to 15 months more than the upper end of the guideline range. We cannot say this increase was unreasonable. The district court had good reason to conclude that appellant's conduct was unusually egregious. Appellant fled from California where he was on parole to escape from prosecution on new charges. He unlawfully adopted someone else's identity and proceeded to obtain, through fraud, a dead man's social security number, driver's license, and birth certificate. He lied on his passport application, and continued to lie even after being identified by the FBI. We believe that the district court did not exceed its discretion in the sentence imposed.

*Affirmed.*