12 F.3d 1100
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Rogers H. CLEMENT, Petitioner/Appellant,
v.
Gary McCAUGHTRY, Respondent/Appellee.
 No. 92-4154.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 16, 1993.*
Decided Dec. 9, 1993.
 
 Before CUMMINGS, CUDAHY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Rogers Clement appeals from the district court's judgment denying his petition filed under 28 U.S.C. Sec. 2254. He argues that his guilty plea was obtained in violation of his right to due process because the prosecutor breached the plea agreement by "sponsoring" a victim-impact statement which urged the court to impose the maximum sentence. Clement pled guilty to sexual assault and kidnapping and received consecutive terms of thirty and thirty-five years.
 
 
 2
 A defendant may challenge his guilty plea under the Due Process Clause if he was not fairly apprised of its consequences. Mabry v. Johnson, 467 U.S. 504, 509 (1984). If the prosecutor breaches a promise, the defendant pleads guilty under a false premise; "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Mabry, 467 U.S. at 509 (quoting Santobello v. New York, 404 U.S. 257, 262 (1971)). Failure to fulfill such a promise may result in the deprivation of the defendant's due process rights.
 
 
 3
 Pursuant to the plea agreement, the State was to recommend a "very substantial period of incarceration" but would not make a specific recommendation with regard to the precise number of years. Ex. K, at 5; Ex. L, at 3-4. The prosecutor abided by the terms of the agreement when she requested a "very substantial term of imprisonment" at the sentencing hearing. Clement argues that what she did afterwards, calling the victim and the victim's fiance to the stand, violated the terms of the plea agreement. After making her recommendation, the prosecutor informed the court that the victim and her fiance were present and wanted to address the court. When introduced, the victim stated that she wanted to see Clement receive a life sentence; her fiance urged the court to impose the maximum sentence. Clement asserts that the prosecutor used the victim and her fiance as a conduit for indirectly recommending the maximum sentence. Labeling the witnesses as the prosecutor's "proxies," he argues that the statements of the witnesses were made as part of the prosecutor's allocution, thereby allowing the prosecutor to achieve indirectly what she could not accomplish directly.
 
 
 4
 We disagree. Only the prosecutor was bound by the plea agreement. The prosecutor did what she promised; she recommended a substantial sentence without specifying a term of years. There is nothing in the record to suggest that she asked the witnesses to testify or urged them to request the court to impose the maximum sentence. The prosecutor did nothing more than introduce the witnesses; she asked no questions, made no comment on their testimonies, and made no requests that the court consider the testimonies. Furthermore, as the trial judge stated at the post-conviction hearing, it was the practice in his courtroom to solicit victim impact statements at sentencing hearings. Ex. M at 7.
 
 
 5
 Clement asserts that the state court made a factual finding that the prosecutor "sponsored" the witnesses. From this he concludes that the prosecutor endorsed and bore responsibility for the content of the witnesses' statements. We need not settle a dispute over the legal implications of the word "sponsor" because it does not appear that the court made a specific finding of "sponsorship."
 
 
 6
 Clement also argues that the prosecutor was responsible for the witnesses' statements as if they were her own because she should have anticipated or investigated their potential comments. Clement argues that the prosecutor may not remain consciously ignorant of what the witnesses might say. This argument suggests that the prosecutor should have prevented the witnesses from testifying if she could have known the content of their statements before the hearing. The prosecutor's obligation to refrain from making a specific recommendation did not require her to actively prevent others from testifying. Cf. Wasman v. United States, 468 U.S. 559, 563 (1984) ("The sentencing court ... must be permitted to consider any and all information that reasonably might bear on the proper sentence"); United States v. Mata-Grullon, 887 F.2d 23, 24-25 (1st Cir.1989) (government must bring all relevant facts to judge's attention).
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs