42 F.3d 1384
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Manuel VITTINI, Defendant, Appellant.
 No. 94-1331.
 United States Court of Appeals,
First Circuit.
 Nov. 30, 1994.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Raymond J. Pettine, Senior U.S. District Judge ]
 Damon M. D'Ambrosio on brief for appellant.
 Sheldon Whitehouse, United States Attorney, Margaret E. Curran and Kenneth P. Madden, Assistant United States Attorneys, on brief for appellee.
 D.R.I.
 AFFIRMED.
 Before Torruella, Chief Judge, Boudin and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Manuel Vittini pled guilty to one count of possession with intent to distribute heroin, in violation of 21 U.S.C. Sec. 841(a)(1). The issue on appeal is whether the district court had authority to reject the parties' stipulation in the plea agreement that "[b]ecause one of the quantities of heroin involved in this case is an estimated quantity, the government agrees that a sentence should be imposed upon a total quantity of thirty-nine grams of heroin." We conclude that the court, indeed, has such authority. See, e.g., United States v. Mason, 961 F.2d 1460 (9th Cir. 1992) (holding that the district court was not bound by parties' stipulation as to amount of cocaine); United States v. Garcia, 902 F.2d 324, 326- 27 (5th Cir. 1990) (same). Further, contrary to Vittini's assertion, it was not clear error for the court to do so here.
 
 
 2
 According to the laboratory reports, the total amount of heroin seized was 42.85 grams-35.12 grams found in the floor boards where Vittini was discovered secreting it, 2.49 grams found in nearby gym bags, and an estimated 5.24 grams from 276 "street bags" of heroin, also found near Vittini. The estimated 5.24 grams was based on a tested sampling of 13 of the 276 bags. That Vittini hoped that less than 40 grams would inform the sentencing determination is obvious. There is a two level difference in the base offense level depending on whether at least 40 grams of heroin are involved (Level 20) or less than 40 grams are involved (Level 18). After computation of, and adjustment for, the other relevant factors, none of which are in dispute here, the difference in the resulting total offense level and sentencing range was Level 17 with a range of 24-30 months and a Level 15 with a range of 18-24 months. After informing Vittini that it would not accept the 39 grams as an accurate calculation, the district court offered Vittini the opportunity to withdraw his guilty plea. Vittini declined. The district court deemed Level 17 the correct level and sentenced Vittini to 30 months.
 
 
 3
 We reject Vittini's assertion that the district court clearly erred in rejecting the stipulation in this case. Not only was there no clear error; there was no error at all. Vittini suggests that the court was bound to accept the stipulated amount because, in Vittini's view, it was a concession on the government's part as to the amount it could prove. Notwithstanding the government's "concession," the quantity of drugs is relevant to sentencing and the district court has an independent duty to determine the facts relevant to sentencing. The guidelines themselves state that "[t]he court is not bound by the stipulation, but may with the aid of the presentence report, determine the facts relevant to sentencing." USSG Sec. 6B1.4(d),p.s. (Nov. 1993).
 
 
 4
 Even though stipulations are expected to be accurate and complete, the court cannot rely exclusively upon stipulations in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information.
 
 
 5
 USSG Sec. 6B1.4, comment. (Nov. 1993). We also have previously stated that "the law is clear that, where a non-binding plea agreement is struck, the district court is constrained neither by the United States Attorney's sentencing recommendation, nor by stipulations of fact accompanying the plea contract." United States v. Jimenez-Otero, 898 F.2d 813, 815 (1st Cir. 1990) (citations to the guidelines omitted).[1]
 
 
 6
 In fulfilling its obligation to determine the facts relevant to the sentencing, the district court was on solid ground in relying on the laboratory report and the presentence report (PSR). See United States v. Morillo, 8 F.3d 864, 871 (1st Cir. 1993) (opining that "[w]hen it is impossible or impractical to obtain an exact drug quantity for sentencing purposes, a reasoned estimate will suffice"). The difference between the laboratory analysis of 42.85 grams and the stipulation of 39 grams was 3.85 grams. The PSR opined, and the court agreed, that it was unlikely that the laboratory would have erred by this much in its estimate of the 5.24 gram amount.
 
 
 7
 Further, the PSR opined, and the court again agreed, that it was reasonable to conclude that the $875 found on Vittini was obtained through illegal drug sales and that, converting the $875 to an estimated drug quantity, see United States v. Gerante, 891 F.2d 364 (1st Cir. 1989), resulted in an additional 2 to 3 grams of heroin. Vittini did not at sentencing, and does not now, contest either the propriety of this conversion or its resulting computation of amount.
 
 
 8
 Either one of these two amply supported grounds-reasonable reliance on the laboratory report or conversion of the money to an estimated quantity of drugs-sufficed to raise the 39 gram stipulated amount of heroin past the 40 gram threshold. Finding no error, we affirm the conviction and sentence. Loc. R. 27.1.
 
 
 
 [1]
 Vittini concedes that the plea agreement was non-binding