**In re WARNER SPRINGS PARTNERSHIP, a California general partnership, Debtor.**

**Bankruptcy No. 92–04581–H11.**

United States Bankruptcy Court,
S.D. California.

Oct. 24, 1995.

 

Jerry M. Cannon, Lorenz Alhadeff Cannon & Rose, San Diego, CA, for Moving Co–Owners.

James P. Hill, Sullivan, Hill, Lewin & Markham, San Diego, CA, for Association.

Theodore W. Graham, Brobeck, Phleger & Harrison, San Diego, CA, for Debtor.

## MEMORANDUM DECISION

JOHN J. HARGROVE, Bankruptcy Judge.

This is an action by several Warner Springs Ranch Co–Owners ("Co–Owners") for payment of attorney fees under 11 U.S.C. § 503(b)(3) and (4).

This court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and § 157(b)(1) and General Order No.·312–D of the United States District Court, Southern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

### FACTS

This case was commenced in April of 1992 when an involuntary petition was filed against the debtor under Chapter 7 of the Bankruptcy Code. The case was subsequently converted to one under Chapter 11.

In February 1995, debtor filed a motion for approval of a disclosure statement for a plan of reorganization calling for the forced sale of approximately 1,240 undivided interests ("UDI's") by approximately 1,600 Co–Owners. Debtor also commenced an adversary proceeding against each of the Co–Owners, individually, seeking to sell their UDI's pursuant to Bankruptcy Code § 363(f) and (h).

Debtor's counsel informed counsel for the Ranchowners' Association ("Association"), a major creditor of debtor, that debtor would strongly object to the Association's attorneys representing individual Co–Owners in the adversary proceeding. Counsel for the Association contacted the law firm of Lorenz Alhadeff Cannon & Rose ("LAC & R") about representing the individual Co–Owners. Counsel for the Association informed LAC & R that it supported the formation of a committee of Co–Owners to facilitate the litigation, but questioned whether such a commit-

tee would be allowed by the bankruptcy court. LAC & R soon began representing, through a group of eight co-owner representatives, most or all of the individual Co–Owners in the adversary proceeding.

In February of 1995, counsel for the Association moved for an order precluding the debtor from further prosecuting the adversary proceeding. On February 24, 1995, an order was entered granting an open extension of time to respond to the complaint. Debtor and the Association then entered into settlement negotiations.

On March 1, 1995, LAC & R filed its "Emergency Motion For Order Appointing An Official Creditors' Committee of Ranch Co–Owners." On March 22, 1995, the case was transferred to this court.

On July 31, 1995, LAC & R requested that the court grant the motion to appoint an official creditors' committee *nunc pro tunc* to February 21, 1995 or, in the alternative, grant a motion for payment of its fees and costs as an administrative expense under Bankruptcy Code §§ 503(b)(3) and (4).[1] Oppositions were filed by the debtor, the Association, and the Resolution Trust Corporation and the matter came on for hearing on August 29, 1995. This court denied the emergency motion for appointment of an official creditors' committee of Ranch Co–Owners. The matter involving the payment of fees as an administrative expense was taken under submission.

## DISCUSSION

The Co–Owners assert a right to payment of administrative expense pursuant to 11 U.S.C. § 503(b)(3)(D)[2] and § 503(b)(4).

### 1. *Section 503 Does Not Apply to the Co–Owners:*

Section 503(b)(3)(D) provides for payment of actual, necessary expenses incurred by:

[A] creditor, an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders other than a committee appointed under section 1102 of this title, in making a substantial contribution in a case under Chapter 9 or 11 of this title;

11 U.S.C. § 503(b)(3)(D) (emphasis added). Section 503(b)(4) provides that there shall be allowed administrative expenses for:

reasonable compensation for professional services rendered by an attorney ... of an entity whose expense is allowable under paragraph (3) of this subsection, based upon the time, the nature, the extent and the value of services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney ...

■ The Co–Owners are not creditors of the debtor in this case. As the debtor points out in its opposition, any recovery from the debtor under the Conditions, Covenants & Restrictions for unpaid assessments belongs to the Association and not to individual Co–Owners. The Co–Owners, in their Appointment Motion, requested the formation of a committee "to appear in the adversary proceeding ... on behalf of all co-owners...." Further, this Court has already found that there is no legal basis for the formation of an official "creditors'" committee of Ranch Co–Owners.

At all times during this case, the Co–Owners were defendants in debtor's adversary proceeding for the forced sale of the undivided interests and nothing more.[3] Accordingly, the Co–Owners lack standing to seek payment of their administrative fees under § 503(b)(3)(D) and § 503(b)(4).

---

1. LAC & R seeks payment of $27,014.50 in fees and $4,229.56 in costs.

2. The co-owners do not specify under which subsection of § 503(b)(3) they seek payment but they base their motion on the grounds that they have made a "substantial contribution" to resolution of the case. A substantial contribution is only at issue in a case involving § 503(b)(3)(D), therefore, this court analyzes the co-owners' motion under the standards applicable to that subsection.

3. It is most instructive to note that LAC & R's time records and other documents specifically refer to the proposed committee as a "Litigation Response Committee."

**31**

### 2. *The Doctrine of Judicial Estoppel Does Not Apply in This Case:*

Alternatively, Co–Owners argue that the Association is estopped from opposing the fees because the Association, in its motion for joinder and support of the Co–Owners' emergency motion, stated that it supported the formation of a committee of ranch owners.

▌ However, application of the doctrine of judicial estoppel depends upon the particular facts and circumstances of each case. *In re Haynes,* 97 B.R. 1007, 1010 (9th Cir. BAP 1989). In this case, the Association supported the formation of a committee at a time when the adversary proceeding was pending and its unabated continuation threatened the estate with financial ruin. Hence, at that time, Association's support was consistent with its interests and the status of the case.

Shortly thereafter, the Association obtained an order granting an open extension of time to respond to debtor's complaint for all defendants in the adversary proceeding. This order and the commencement of settlement negotiations clearly eliminated the need for a Co–Owners' committee.[4] Nonetheless, LAC & R continued "monitoring" events and seeking approval of the committee.

This monitoring did not provide a "substantial contribution" to the estate, nor was it justified in light of the firm's knowledge of the order and ongoing negotiations. Accordingly, the Association's subsequent opposition to LAC & R's fees was consistent with its continuing interest and the changed status of the case.

The Association's position is, therefore, not "inconsistent" as contemplated by the court in *Haynes.* Far from playing "fast and loose with the courts," the Association opposes fees for services which were clearly unnecessary and provided no conceivable benefit to the estate.

Co–Owners' motion for payment of administrative expenses is denied.

---

4. The Court notes that Mr. Cannon is highly experienced bankruptcy counsel. Accordingly, the effect of the order and commencement of

### CONCLUSION

This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052. Counsel for the Association is directed to file with this court an order in conformance with this Memorandum Decision within ten (10) days from the date of entry hereof.

settlement negotiations on the need for a Co–Owners' committee should have been abundantly clear.