86 F.3d 1147
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES of America, Appellee,
v.
Jennierose LYNCH, Defendant, Appellant.
 No. 95-1486.
 United States Court of Appeals, First Circuit.
 June 13, 1996.
 
 Appeal from the United States District Court for the District of Massachusetts, Hon. William G. Young, U.S. District Judge.
 Jeffrey M. Smith and Peters, Smith & Moscardelli, by appointment of the court, on brief for appellant.
 Donald K. Stern, United States Attorney, and Frank A. Libby, Jr., Assistant United States Attorney, on brief for the United States.
 D. MASS.
 AFFIRMED.
 Before SELYA, Circuit Judge, CAMPBELL, Senior Circuit Judge, and BOUDIN, Circuit Judge.
 PER CURIAM.
 
 
 1
 In this sentencing appeal, defendant-appellant Jennierose Lynch, represented by able counsel, assigns error in regard to two district court determinations that materially affected the length of her sentence. Discerning no hint of error, we summarily affirm.
 
 
 2
 1. The appellant's first complaint relates to the district court's drug quantity determination. The court determined that the appellant personally participated in transactions involving between two and one-half and four kilograms of cocaine; that the conspiracy of which she was a member, during the period of her membership, launched transactions involving another five to fifteen kilograms at a minimum; that many (if not all) of these transactions occurred in the course of jointly undertaken criminal activity (the charged conspiracy) and were foreseeable to her; and that, therefore, she was responsible (in the relevant conduct sense, see U.S.S.G. § 1B1.3) for over five kilograms of cocaine in toto, bringing to bear a mandatory minimum ten-year sentence. See 21 U.S.C. § 841(b)(1)(A)(ii) (providing for mandatory minimum sentence of ten years in cases involving five kilograms or more of cocaine).
 
 
 3
 We review the district court's findings of fact anent drug quantity only for clear error, and we will set such findings aside only if we are persuaded that the sentencing court has made a "serious mistake." United States v. Morillo, 8 F.3d 864, 870 (1st Cir.1993). We are not so persuaded here; to the contrary, we believe that the sentencing court's findings are both sufficiently explicit and sufficiently record-rooted.
 
 
 4
 Drug quantities need not be determined in a mathematically precise fashion. Within the margins of reliability, sentencing courts have the authority to make reasonable estimates based on available information. See, e.g., United States v. Sepulveda, 15 F.3d 1161, 1199 (1st Cir.1993), cert. denied, 114 S.Ct. 2714 (1994); United States v. Sklar, 920 F.2d 107, 113 (1st Cir.1990). It is, moreover, settled that members of a drug-trafficking conspiracy may be held accountable at sentencing for different drug quantities depending on the circumstances of their involvement. See United States v. Munoz, 36 F.3d 1229, 1237 (1st Cir.1994 ), cert. denied, 115 S.Ct. 1164 (1995); United States v. Garcia, 954 F.2d 12, 16 (1st Cir.1992). In respect to a defendant's accountability for drug transactions in which she did not personally participate, foreseeability is the key. See Garcia, 954 F.2d at 16. "In the usual case, what is foreseeable depends on the scope of the defendant's agreement with the other participants in the criminal enterprise." Munoz, 36 F.3d at 1237.
 
 
 5
 Here, the record reveals that the district court fully understood these principles, applied the correct legal standard, and made a fact-sensitive determination of what trafficked drugs were, in the court's words, "reasonably foreseeable or actually known to [Lynch] ... during the time she was a knowing and willing participant in th[e] conspiracy." These findings cannot be set aside under the jurisprudence of clear error. After all, the district court heard over ten weeks of trial testimony, and also had the benefit of a compendious presentence investigation report (PSI Report)--a report that was not contradicted by countervailing evidence in any relevant particulars. The testimony and the specifics in the PSI Report, viewed favorably to the government, fully substantiate the findings. No more is exigible. See, e.g., United States v. Gonzalez-Vazquez, 34 F.3d 19, 25 (1st Cir.1994) (discussing utility at sentencing of facts contained in PSI Report); United States v. Ruiz, 905 F.2d 499, 508 (1st Cir.1990) (discussing utility of trial testimony in the sentencing phase); see also United States v. Jimenez-Otero, 898 F.2d 813, 815 (1st Cir.1990) (explaining that, when there are two or more plausible views of the evidence, the sentencing court's choice among them cannot be clearly erroneous).[1]
 
 
 6
 2. The appellant's second issue involves the so-called "safety valve" provision, 18 U.S.C. § 3553(f), which in certain cases constrains the application of mandatory minimum sentences. Pursuant to this provision, the sentencing court is directed to impose a sentence in accordance with the guidelines (without regard to any statutory minimum) if a convicted defendant satisfies five set criteria. See id.; see also U.S.S.G. § 5C1.2 (Nov.1995) (implementing the statute). The court below held that Lynch failed to meet the fifth of these criteria in that she did not provide complete and truthful information "to the Government" in the appropriate time frame. 18 U.S.C. § 3553(f)(5). Lynch argues that she satisfied this requirement by providing the information to the probation officer in the course of the compilation of the PSI Report. The district court disagreed with Lynch's argument. So do we.
 
 
 7
 We need not tarry. While this case was pending on appeal, a panel of this court decided the precise point, contrary to the appellant's position, in United States v. Jimenez Martinez, No. 95-1511, slip op. at 19 (1st Cir. Apr. 24, 1996) (concluding that "government" as used in 18 U.S.C. § 3553(f)(5) and U.S.S.G. § 5C1.2(5) refers exclusively to the prosecutorial authority, and not to the probation department); see also United States v. Montanez, No. 95-2096, slip op. at 6-7 (1st Cir. Apr. 24, 1996). Jimenez Martinez is binding here, and blocks the appellant's desired access to the safety valve.
 
 
 8
 We need go no further.[2] Because the appellant's points are unpersuasive, we summarily affirm her conviction and sentence.
 
 
 
 [1]
 Lynch's contention that the district court failed to make specific subsidiary findings of fact related to the drug quantity issues is unavailing. The sentencing court's findings need not be precise to the point of pedantry. Here they are sufficiently explicit and comprehensive to withstand criticism
 
 
 [2]
 Given the view that we take of the merits, we need not reach--and express no opinion upon--the government's contention that the appellant, in executing the plea agreement, waived her right to prosecute this appeal