NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | | |
|---|---|---|
| In re: | ) | BAP No.  NC-11-1312-HDoD |
| | ) | |
| CAROLINA CONTRERAS RYNDA, | ) | Bk. No.  09-41568 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| CAROLINA CONTRERAS RYNDA, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **M E M O R A N D U M**[1] |
| | ) | |
| TEVIS T. THOMPSON, JR., | ) | |
| Chapter 7 Trustee; UNITED | ) | |
| STATES TRUSTEE, | ) | |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |

Argued and Submitted on January 20, 2012
at San Francisco, California

Filed - January 30, 2012

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Edward D. Jellen, Bankruptcy Judge, Presiding

Appearances:     Raymond R. Miller of The Law Office of Raymond R. Miller argued for the appellant.  Michael J. McQuaid of Carr, McClellan, Ingersoll, Thompson & Horn appeared on brief for appellee Tevis T. Thompson, Jr., Chapter 7 Trustee.

Before: HOLLOWELL, DONOVAN[2] and DUNN, Bankruptcy Judges.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[2] Hon. Thomas B. Donovan, United States Bankruptcy Judge for the Central District of California, sitting by designation.

Carolina Rynda (the Debtor) appeals an order of the bankruptcy court requiring that she turn over to the chapter 7[3] bankruptcy trustee tax refunds that she received during the bankruptcy case.  We AFFIRM.

## I.  FACTS

The Debtor filed a voluntary chapter 7 bankruptcy petition on February 27, 2009, along with her bankruptcy schedules.[4] Bankruptcy Schedule B - Personal Property - directs debtors to list "all personal property . . . of whatever kind," and to place an "X" in the column labeled "None" if the debtor has "no property in one or more of the categories listed."  Category 18 asks debtors to list any "Other liquidated debts owed to the debtor including tax refunds."  The Debtor placed an "X" indicating that she did not have any potential tax refund as an asset.[5]  The Debtor did not list a tax refund as exempt on Schedule C.

---

[3] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All Rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

[4] We have taken judicial notice of various documents, including the Debtor's bankruptcy schedules, that were filed through the bankruptcy court's electronic docketing system.  See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1988); Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).
    The docket reflects that the Debtor was represented by counsel throughout her bankruptcy case.

[5] The Debtor amended her Schedule B twice during the course of the bankruptcy case, but continued to indicate that she had no interest in any 2008 tax refund.

Tevis T. Thompson, Jr. (the Trustee) was appointed the bankruptcy trustee. The Debtor was granted a discharge on August 24, 2009.

The Trustee subsequently became aware that the Debtor received two income tax refunds for the year 2008, totaling $10,290. On October 23, 2009, the Debtor received a $2,957 California Franchise Tax Board tax refund; and, on November 9, 2009, a $7,333 Internal Revenue Service tax refund (collectively, the Refunds). The Trustee made a demand on the Debtor to turn over the Refunds. The Debtor notified the Trustee that she no longer had the Refunds in her possession but offered to make monthly payments of $200 to pay the amount of the Refunds. The Trustee refused to accept the Debtor's offer.

On April 14, 2011, the Trustee filed a motion for turnover of the Refunds under § 542 (Turnover Motion). The Debtor filed an opposition. She alleged that the Trustee never informed her that the Refunds would be considered property of the estate subject to turnover. She also contended that she was entitled to a set off of approximately $2,400, the amount she paid to have the 2008 tax returns prepared.[6]

_____

[6] The Debtor submitted a supplemental declaration on May 3, 2011, stating that she paid $1,700 to have her 2008 tax returns prepared. The invoice was attached to the declaration.

The Debtor did not argue on appeal that she was entitled to a deduction or "setoff" for what she paid in having the 2008 tax returns prepared. Therefore, this issue has been waived. Golden v. Chicago Title Ins. (In re Choo), 273 B.R. 608, 613 (9th Cir. BAP 2002) (arguments not specifically and distinctly made in an appellant's opening brief are waived). In any event, setoff rights are governed by § 553, which requires a creditor, in order

(continued...)

-3-

A hearing was held on May 12, 2011. The bankruptcy court took the matter under submission and requested that the parties brief whether the bankruptcy court could order turnover of estate property if a debtor no longer had possession of it, and whether an order for turnover could be enforced as a money judgment.

After briefing was complete, on June 1, 2011, the bankruptcy court issued a memorandum decision determining that a turnover order was appropriate if a debtor came into possession of estate property after filing a petition, even if the debtor no longer had possession of the property. Therefore, the bankruptcy court entered an order directing the Debtor to deliver and pay to the Trustee $10,290 plus interest for the Refunds she received (Turnover Order). The Turnover Order stated that it was enforceable as a money judgment. The Debtor timely appealed.

## II. ISSUE

Did the bankruptcy court err in entering the Turnover Order?

## III. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. § 157(b)(2)(E) and § 1334. We have jurisdiction under 28 U.S.C. § 158.

## IV. STANDARDS OF REVIEW

The bankruptcy court's conclusions of law are reviewed de novo, and its findings of fact are reviewed for clear error.

---

[6](...continued)
to have its right to setoff preserved in bankruptcy, to show that the setoff involves a prepetition mutual debt. United States v. Carey (In re Wade Cook Fin. Corp.), 375 BR 580, 589 (9th Cir. BAP 2007). Setoff is inapplicable here.

<u>Nichols v. Birdsell</u>, 491 F.3d 987, 989 (9th Cir. 2007). Whether property is included in a bankruptcy estate and the procedures for recovering estate property are questions of law that we review de novo. <u>White v. Brown (In re White)</u>, 389 B.R. 693, 698 (9th Cir. BAP 2008).

**V.  DISCUSSION**

Turnover is governed by § 542(a), which requires persons "in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease, . . . or that the debtor may exempt" to "deliver to the trustee, and account for, such property or the value of such property."  11 U.S.C. § 542(a).  Thus, to prevail on his motion for turnover, the Trustee was required to demonstrate that: (1) the Refunds are or were in the Debtor's possession, custody, or control during the pendency of the bankruptcy case; (2) the Refunds could be used by the Trustee or exempted by the Debtor; and (3) the Refunds have more than an inconsequential value or benefit to the estate. <u>Bailey v. Suhar (In re Bailey)</u>, 380 B.R. 486, 490 (6th Cir. BAP 2008).  The Trustee satisfied all these elements.

The Debtor came into possession of the Refunds during her bankruptcy case.  At over $10,000, they were of significant value to the estate.  Although the Debtor argued she was not aware the Refunds would be considered property of the estate, she concedes they are property of the estate that the Trustee may use.[7]  In any event, it is well settled that income tax refunds may be part

---

[7] A bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of a case."  11 U.S.C. § 541(a)(1).

-5-

of the bankruptcy estate. <u>Nichols</u>, 491 F.3d at 990 ("[T]he right to receive a tax refund constitutes an interest in property."); <u>I.R.S. v. Towers (In re Feiler)</u>, 230 B.R. 164, 168 (9th Cir. BAP 1999); <u>Kokoszka v. Bellford</u>, 417 U.S. 642, 652 (1974).

Pursuant to § 542, a debtor is required "to deliver to the trustee and account for such property" or its value. The Debtor contends that the Turnover Order should be set aside because she accounted for the costs to prepare and file the tax returns, notified the Trustee she no longer possessed the Refunds, and offered the Trustee monthly payments to repay the amount of the Refunds. However, the Debtor provides no legal authority to support her argument that "accounting for" the property means that she may simply offer to pay the Trustee in whatever manner or time she chooses.

Section 542's mandate means that she must deliver property or pay over money to the trustee. <u>See, e.g.</u>, BLACKS LAW DICTIONARY 19 (6th ed. 1991) (definition of "account for"). The requirement is not waived because the debtor no longer possesses the property. <u>Nichols</u>, 491 F.3d at 990; <u>see also</u>, <u>Cassel v. Globerson (In re Kolb)</u>, 2007 WL 1577950 *4 (Bankr. N.D. Cal., May 29, 2007) (§ 542(a) applies to property presently in an individual's possession, as well as property in an individual's possession during the bankruptcy case); <u>In re Bailey</u>, 380 B.R. at 492-93 (debtors required to turn over tax refunds even though they had transferred the proceeds to their attorney and no longer were in possession of the funds at the time turnover was sought); <u>Boyer v. Davis (In re U.S.A. Diversified Prods., Inc.)</u>, 193 B.R.

868, 877 (Bankr. N.D. Ind. 1995) (lack of present possession does not absolve the turnover respondent from liability).

For example, in Nichols, the debtors overpaid their federal tax returns and were entitled to a refund as a result. Instead, they elected to leave the funds on deposit with the IRS to be applied to any future tax liability. When the trustee demanded the refund under § 542, the debtors argued that due to the irrevocable nature of their election to keep the funds on deposit, the trustee was prevented from asserting any right to turnover. The Ninth Circuit held that a debtor's interest in property may be property of the estate even in circumstances in which the interest cannot be liquidated and transferred by the debtor. Id. Thus, the Ninth Circuit affirmed the order for turnover.

Consequently, since the Debtor had been in possession of property of the estate, the Turnover Order was appropriate even though the Debtor did not possess the funds at the time the Trustee filed the Turnover Motion. If a debtor demonstrates that she is not in possession of the property of the estate or its value at the time of the turnover action, the trustee is entitled to recovery of a money judgment for the value of the property of the estate. In re U.S.A. Diversified Prods., Inc., 193 B.R. at 878-89; In re Gentry, 275 B.R. 747 (Bankr. W.D. Va. 2001).

The Turnover Order constitutes a judgment, the enforcement of which ensures that § 542 will be satisfied. See In re White, 389 B.R. at 699 (proceeding to compel turnover may be a contested matter under Rules 7001(1) and 9014; the order resolving the matter has the status of a judgment under Federal Rule of Civil

7

Procedure 58 (incorporated by Rule 9021)). However the manner in which the Debtor satisfies the judgment is outside the reach of the bankruptcy court or this appeal.

## VI. CONCLUSION

For the foregoing reasons, the bankruptcy court did not err in entering the Turnover Order. Therefore, we AFFIRM.