**UNITED STATES of America, Appellee,**

v.

**Marc A. ROYER, Defendant, Appellant.**

**No. 89–1707.**

United States Court of Appeals,
First Circuit.

Heard Jan. 10, 1990.

Decided Jan. 31, 1990.

Judith H. Mizner, Newburyport, Mass., with whom Marshall A. Stern, Bangor, Me., was on brief, for appellant.

Margaret D. McGaughey, Asst. U.S. Atty., with whom Richard S. Cohen, U.S. Atty., Portland, Me., and William H. Browder, Jr., Asst. U.S. Atty., Bangor, Me., were on brief, for appellee.

Before TORRUELLA and SELYA, Circuit Judges, and BOWNES, Senior Circuit Judge.

SELYA, Circuit Judge.

This is a single issue criminal appeal in which defendant-appellant Marc A. Royer questions the district court's application of

the sentencing guidelines. Notwithstanding defense counsel's able advocacy, the case serves mainly to corroborate Lucretius' epigram: "Nil posse creari de nilo." We translate the phrase, roughly, to mean "nothing can be created from nothing"— and we believe it suits the case.

## I

Section 3E1.1 of the sentencing guidelines provides for a two point reduction in offense level "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." The commentary supplies a list of six non-exclusive factors that may be considered in determining whether an offender has adequately demonstrated acceptance of responsibility. These factors include "voluntary and truthful admission to authorities of involvement in the offense and related conduct," U.S. S.G. § 3E1.1, commentary (note 1(c)), and "voluntary assistance to authorities in recovery of the fruits and instrumentalities of the offense." *Id.* (note 1(e)). In this case, defendant purported to express an understanding of the nature of his wrongful acts and said that he was remorseful. The court below, however, remained skeptical. The judge found that Royer did not deserve the two point reduction because Royer "fail[ed] to voluntarily and truthfully acknowledge the extent of his conduct."

This finding was not made casually or cryptically. The district court painstakingly reviewed the presentence investigation report (PSI report) and adverted to factors (*e.g.*, submission to early debriefing) supporting defendant's stance. Nevertheless, the court noted a substantial factual discrepancy: whereas defendant, in giving the probation officer his version of the offense, admitted only to acting as an intermediary in cocaine transactions, other (unchallenged) facts in the PSI report strongly indicated that defendant was in control of particular transactions and appeared to have exercised decisionmaking authority in connection therewith. Furthermore, when the discrepancy was called to Royer's attention during the sentencing hearing, his

attorney, on his behalf, offered yet a third version of Royer's participation.

Confronted with this shifting terrain, the district court concluded that the defendant, notwithstanding the points in his favor, had not "truly accepted responsibility" for the conduct actually involved in the offense of conviction. The court reasoned that, inasmuch as defendant took "the position ... that he was only acting for someone else, and then only in a limited capacity of holding and delivering to the proper owner money and drugs," he had neither conceded his true culpability nor accepted his fair share of the blame. On this basis, the district court refused to make a downward adjustment for acceptance of responsibility.

## II

■ Whether a defendant "clearly demonstrates a recognition and affirmative acceptance of personal responsibility" is a fact-dominated issue, and the district court's decision to withhold a reduction in the offense level will not be overturned unless clearly erroneous. *See United States v. Mata–Grullon*, 887 F.2d 23, 24 (1st Cir.1989) (per curiam); *United States v. Zayas*, 876 F.2d 1057, 1060 (1st Cir.1989); *cf. United States v. Diaz–Villafane*, 874 F.2d 43, 48 (1st Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 177, 107 L.Ed.2d 133 (1989) (adopting clearly erroneous standard of review for "role in the offense" determination); *United States v. Wright*, 873 F.2d 437, 443–44 (1st Cir.1989) (same). Because the sentencing judge has the unique opportunity of observing the defendant, hearing his allocution, and evaluating acceptance of responsibility in a live context against the backdrop of the case as a whole, his determination is entitled to great respect. *See United States v. Spraggins*, 868 F.2d 1541, 1543 (11th Cir.1989) (per curiam); *see generally* 18 U.S.C. § 3742(e) (1985 & Supp. 1989). Indeed, it has been authoritatively suggested that such a judgment call "should not be disturbed unless it is without foundation." U.S.S.G. § 3E1.1, commentary (note 5).

■ We have recently held, in unequivocal terms, that a downward adjustment for

acceptance of responsibility is not automatically to be conferred upon every accused who pleads guilty. *Mata–Grullon,* 887 F.2d at 24; *accord United States v. Harris,* 882 F.2d 902, 905 (4th Cir.1989). The guidelines themselves teach the same lesson, stipulating that a "defendant who enters a guilty plea is not entitled to a sentencing reduction under [§ 3E1.1] as a matter of right." U.S.S.G. § 3E1.1(c). These admonitions are not toothless: their bite lies in the idea that merely mouthing empty platitudes should not entitle an offender to discretionary credit. *See Harris,* 882 F.2d at 905–06. The sentencing guidelines, although uncommon in format, are rooted in common experience and common sense, and should be interpreted in that vein. In our view, it would make no sense at all to elevate the symbols of penitency above its substance. Thus, acceptance of responsibility necessitates candor and authentic remorse—not merely a pat recital of the vocabulary of contrition.

The inquiry into acceptance of responsibility is necessarily factbound. In deciding whether a defendant is entitled to a reduction on this score, a district court must weigh a multitude of factors, some objective, some subjective. Credibility and demeanor play a crucial role in determining whether a person is genuinely contrite. In this instance—as will usually be the case— the district judge had firsthand knowledge of the circumstances surrounding the defendant's actions and had the opportunity to see Royer, listen to him, and assess his credibility. The judge determined that appellant had not forthrightly acknowledged the extent of his involvement and thus had failed meaningfully to shoulder responsibility. Because the court had a plausible basis for arriving at the conclusion, no more was required. It would be mindless to permit defendants to transform routine judgment calls into a new (and major) strain of satellite litigation simply because time hangs heavy. *See United States v. Ruiz–Garcia,* 886 F.2d 474, 477 (1st Cir. 1989).

### III

We need go no further. The guidelines do not require a sentencing judge to play the ostrich, burying his head in the sand, struthiously accepting every allocution at face value, and ignoring the stark reality of events. By the same token, the guidelines do not require appellate courts to play the quidnunc, secondguessing inferences reasonably drawn at sentencing hearings. To the precise contrary, we believe it appropriate for courts of appeals to give the district court's findings on interstitial sentencing matters a wide and deferential berth, consistent with the circumscribed nature of appropriate appellate review. *Cf. Diaz–Villafane,* 874 F.2d at 49–50 ("District courts are in the front lines, sentencing flesh-and-blood defendants. The dynamics of the situation may be difficult to gauge from ... a sterile paper record. Therefore, appellate review must occur with full awareness of, and respect for, the trier's superior 'feel' for the case."). We grant such deference here. Because the lower court's finding cannot be characterized as clearly erroneous, the judgment and sentence imposed below must be

*Affirmed.*