21 F.3d 420
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Gerardo H. TIRADO-TORRES, Defendant, Appellant.
 No. 93-1582
 United States Court of Appeals, First Circuit
 April 12, 1994
 
 Appeal from the United States District Court for the District of Puerto Rico
 Hector Deliz on brief for appellant.
 Jose A. Quiles-Espinosa, Senior Litigation Counsel, Ernesto Hernandez-Milan, Assistant United States Attorney, and Guillermo Gil, United States Attorney, on brief for appellee.
 D.Puerto Rico
 AFFIRMED.
 Before Breyer, Chief Judge, Boudin and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Defendant-appellant Gerardo Tirado-Torres appeals from the sentence imposed upon him following his guilty plea, arguing, inter alia, that he is entitled to an additional point reduction for his acceptance of responsibility and that he is entitled to a downward departure for his assistance to government authorities. Finding no error, we affirm.
 
 
 2
 (I.
 
 
 3
 FACTUAL BACKGROUND AND PRIOR PROCEEDINGS(
 
 
 4
 Defendant established business colleges at different locations and fraudulently obtained federal education funds, mostly Pell Grants. He then used these funds for his own private, non-educational purposes. Through the scheme, defendant improperly obtained more than $2,500,000. A fifteen- count indictment charged him with a variety of offenses involving the manipulation of federal funds. On the day before trial, he pleaded guilty to four of the counts.
 
 
 5
 As part of the plea agreement, the government agreed to consider filing a motion for downward departure depending on the degree of defendant's assistance to government authorities. Prior to the day of sentencing, the government filed such a motion pursuant to United States Sentencing Guidelines ("U.S.S.G.") Sec. 5K1.1.
 
 
 6
 Based on the offenses covered by the four counts to which defendant pleaded, he began with a base offense level (BOL) of six, pursuant to U.S.S.G. Sec. 2F1.1(a). Because the fraudulent scheme resulted in losses to the government in excess of $2,500,000, a thirteen-level upward adjustment was made to the BOL pursuant to U.S.S.G. Sec. 2F1.1(b)(1)(N). In addition, a further two-level upward adjustment was made for more than minimal planning under U.S.S.G. Sec. 2F1.1(b)(2)(A); a four-level upward adjustment was added based on appellant's role in the offense pursuant to U.S.S.G. Sec. 3B1.1(a); and a two- level upward adjustment was added for abuse of a position of trust under U.S.S.G. Sec. 3B1.3.
 
 
 7
 Finally, the court granted a two-level reduction in defendant's offense level for his acceptance of responsibility, but it rejected the government's motion for a downward departure based upon defendant's assistance to government authorities. This left defendant with an offense level of twenty-five. Given a criminal history of one, the sentence range was from fifty-seven to seventy-one months of imprisonment with a possible fine ranging from $10,000 to $100,000, plus a term of supervised release of three years. Defendant was sentenced to concurrent terms of fifty-seven months imprisonment, the lowest possible under the applicable guideline range, concurrent three-year terms of supervised release and a special monetary assessment of fifty dollars per count for a total of two hundred dollars, with no further fine.
 
 
 8
 On appeal, defendant argues that his sentence should be vacated because 1) his acceptance of responsibility entitled him to a three point reduction, rather than a two point reduction in his BOL; and 2) his assistance to the government entitled him to a downward departure.[1]
 
 II.
 DISCUSSION
 A. Section 3E1.1: The Downward Adjustment
 
 9
 "Whether a defendant has accepted personal responsibility is a 'fact-dominated issue.' " United States v. Donovan, 996 F.2d 1343, 1346 (1st Cir. 1993) (quoting United States v. Royer, 895 F.2d 28, 29 (1st Cir. 1990)). Thus, a decision to grant a two-point reduction under U.S.S.G. Sec. 3E1.1(a), rather than a three-point reduction under U.S.S.G. Sec. 3E1.1(b), "will not be overturned unless clearly erroneous." Id.
 
 
 10
 Using this lens of review we find no error, clear or otherwise. Because defendant's decision to change his plea did not occur until the day before trial, defendant did not satisfy section 3E1.1(b)'s requirement that a plea permit the government to avoid preparing for trial. Although defendant may have contemplated a change of plea at some time earlier than the actual change, it appeared up to the day before trial that defendant and his two codefendants were going to stand trial in a lengthy and complicated case. Thus, it was not error for the court to determine that the government was not spared the task of preparing for trial, and that therefore the strictures of section 3E1.1(b) had not been met.
 
 B. Section 5K1.1: The Downward Departure
 
 11
 The second arrow in defendant's quiver is his claim that he is entitled to a downward departure based on his assistance to the government.
 
 
 12
 Where, as here, the government has filed a motion requesting a downward departure under U.S.S.G. Sec. 5K1.1, "weighing the relevant factors in order to decide whether to depart (and if so, by how much) is something best done by the sentencing court." United States v. Mariano, 983 F.2d 1150, 1157 (1st Cir. 1993). We review the district court's determination for abuse of discretion only. Id.
 
 
 13
 The district court found that the circumstances in this case did not warrant such a departure. In arguing to the contrary, defendant states that the government breached its plea agreement by failing to disclose complete information concerning his assistance to government authorities. As a preliminary matter, the record does not support such a conclusion. The transcript from the sentencing proceeding shows that the government repeatedly urged the court to depart downward and does not at all reveal a withholding of information. Thus, as a purely factual matter, we see no merit in defendant's claim to the contrary.
 
 
 14
 More importantly, we find no abuse of discretion in the district court's determination that defendant is not entitled to a downward departure for his assistance to authorities. Both below and on appeal, defendant merely recites the fact that, subsequent to his own guilty plea, two codefendants also pleaded guilty. At the sentencing hearing, the district court scrupulously questioned a government investigator on the subject of defendant's assistance to government authorities and learned that defendant's plea was of virtually no assistance to the government in its ongoing case against codefendants.[2] Accordingly, we find no abuse of discretion in the district court's determination that no downward departure for assistance to government authorities was warranted.
 
 III.
 CONCLUSION
 
 15
 For the foregoing reasons, the sentence imposed by the district court is
 
 
 16
 Affirmed.
 
 
 
 [1]
 In addition, defendant argues that the court improperly departed upward in arriving at his 57-month sentence. In fact, no upward departure occurred. Rather, the court applied several adjustments which raised defendant's BOL. All upward adjustments are fully supported by the record and by the district court's findings of fact
 Defendant also argues that the district court failed to properly explain its reasons for the degree and direction of its departure. We see no merit to this line of argument, both because no departure took place, and because the district court fully explained all aspects of the sentence.
 
 
 [2]
 For example, the following colloquy occurred:
 The Court: Would it be fair to say that when you interviewed [defendant after his guilty plea], you already had 99.9 percent of this case [against codefendants] made?
 Witness: Yes, the case was completed.