USCA1 Opinion

 

 April 29, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1650 UNITED STATES, Plaintiff, Appellee, v. JOSE SABATER-LUGO, Defendant, Appellant. ____________________ ERRATA SHEET The opinion of this court issued on April 25, 1995 is amended as follows: On cover sheet, change "[Hon. Gene Carter,* U.S. District Judge]" ____________________ to "[Hon. Gene Carter,* U.S. Chief Judge]". ________________ On cover sheet, change "*Of the District of Puerto Rico, sitting by designation." to "*Of the District Court of Maine, sitting by designation." April 25, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1650 UNITED STATES, Plaintiff, Appellee, v. JOSE SABATER-LUGO, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Gene Carter,* U.S. Chief Judge] ________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Stahl, Circuit Judges. ______________ ____________________ Eduardo Caballero Reyes on brief for appellant. _______________________ Guillermo Gil, United States Attorney, Miguel A. Pereira, ______________ ____________________ Assistant United States Attorney, and Jos A. Quiles-Espinosa, Senior _______________________ Litigation Counsel, on brief for appellee. ____________________ ____________________  _______________________ *Of the District of Maine, sitting by designation. Per Curiam. Defendant waived any objection to the __________ denial of an adjustment for acceptance of responsibility by failing timely to object to the presentence report as required by Local Rule 418.4. In any event, the district court's alternative reasons for denying an acceptance of responsibility adjustment -- essentially that defendant had sought to minimize his role in the September 15, 1993 negotiations and viewed himself as the "victim" of drug addiction and a friend working for the DEA -- are adequately supported by the record and are appropriate reasons for denying the adjustment. See United States v. Reyes, 927 F.2d ___ _____________ _____ 48, 51 (1st Cir. 1991); United States v. Royer, 895 F.2d 28 ______________ _____ (1st Cir. 1990). Defendant is not entitled to a reduction for not obstructing justice. U.S.S.G. 3C1.1. The judgment is summarily affirmed. Loc. R. 27.1. ________ -4-