64 F.3d 654
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Benjamin R. ZANNI, Defendant, Appellant.
 No. 95-1126
 United States Court of Appeals,
First Circuit.
 Aug. 18, 1995
 
 Edward J. Romano and Joel D. Landry II on brief for appellant.
 Sheldon Whitehouse, United States Attorney, and Edwin J. Gale, Assistant United States Attorney, on brief for appellee.
 D.R.I.
 AFFIRMED.
 Before CYR, BOUDIN and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant-appellant Benjamin R. Zanni appeals his sentence on two grounds. First, he argues that the district court erred in failing to award him a three- level credit for acceptance of responsibility pursuant to Sec. 3E1.1 of the United States Sentencing Guidelines ("U.S.S.G."). Second, he contends that the government breached the plea agreement by recommending a sentence at the high end of the guideline sentencing range.
 
 I. Acceptance of Responsibility
 
 2
 Zanni argues on appeal that the district court's failure to award him the three-level credit for acceptance of responsibility was clear error. He contends that his initial statement of acceptance of responsibility was merely incomplete and that he immediately amended it following the government's objection. With respect to his failure to resign from office, Zanni emphasizes that he took no affirmative action to retain his seat after his guilty plea, merely completing his responsibilities to his constituents. Therefore, "appellant clearly and unequivocally ceased to be a public official upon his decision to enter a plea." Zanni argues that the "crucial aspects" of Sec. 3E1.1 were satisfied by his clear acceptance of responsibility and his expedition in notifying the government of his intention to plead guilty.
 
 
 3
 "The ultimate question under section 3E1.1 is not whether the defendant has uttered 'a pat recital of the vocabulary of contrition,' but whether he has accepted full responsibility for his part in the offense of conviction by demonstrating 'candor and authentic remorse.' " United States v. Ocasio- Rivera, 991 F.2d 1,4 (1st Cir.1993) (citations omitted). The burden is on the defendant to prove entitlement to the credit for acceptance of responsibility. Id. "The sentencing court's determination to withhold the reduction will be overturned only if it is clearly erroneous." Id.
 
 
 4
 "The inquiry into acceptance of responsibility is necessarily factbound. In deciding whether a defendant is entitled to a reduction on this score, a district court must weigh a multitude of factors, some objective, some subjective. Credibility and demeanor play a crucial role in determining whether a person is genuinely contrite." United States v. Royer, 895 F.2d 28, 30 (1st Cir.1990). At the sentencing hearing, the court stated that it had had an opportunity to "evaluate [Zanni's] level of understanding of the crime that he has committed and his remorse for that crime." Zanni's statements before and during the hearing, as well as his actions between the time of his arrest and his guilty plea formed the basis for the court's determination that Zanni had failed to accept responsibility. The court was not persuaded that Zanni was genuinely contrite. "Because the court had a plausible basis for arriving at the conclusion, no more was required." Id.
 
 
 5
 The sentencing court was troubled by Zanni's failure to acknowledge the full extent of his conduct in his initial statement contained in the PSR. Efforts by a defendant to minimize his culpability "whether during presentence interview or in his allocution" are appropriate for consideration in denying a reduction for acceptance of responsibility. Ocasio- Rivera, 991 F.2d at 5. The court was also disturbed by Zanni's reference to his conduct during sentencing as a "mistake." The court's opportunity at sentencing to see the defendant, "listen to him, and assess his credibility" is entitled to deference. Royer, 895 F.2d at 30.
 
 
 6
 In denying the three-level reduction for acceptance of responsibility, the district court was also influenced by Zanni's conduct in failing to resign from his position after his arrest and in continuing to collect his salary and to run for re-election until the time of his guilty plea. Zanni argues that this conduct is irrelevant to whether he is entitled to a reduction for acceptance of responsibility. We have held, however, that a defendant's later conduct, following the offense of conviction but before a guilty plea, "certainly could shed light on the sincerity of a defendant's claims of remorse" and may be considered. United States v. O'Neil, 936 F.2d 599, 600 (1st Cir.1991). Moreover, the commentary to Sec. 3E1.1 specifically provides that one consideration in deciding whether to grant the reduction for acceptance of responsibility is "voluntary resignation from the office or position held during the commission of the offense." U.S.S.G. Sec. 3E1.1, comment, n.1(f).
 
 
 7
 The district court did not commit clear error in denying Zanni a reduction for acceptance of responsibility.
 
 II. Breach of Plea Agreement
 
 8
 Zanni argues that the government "functionally reneged on their plea agreement" by recommending a sentence at the high end of the imprisonment range after the court had rejected the government's recommendation that Zanni receive a reduction for acceptance of responsibility. Zanni's argument is essentially that when the plea agreement ("the Agreement") was entered into, the parties anticipated that a three-level reduction would be granted, resulting in an imprisonment range of 18 to 24 months. Therefore, when the government recommended sentencing Zanni at the high end of the 27 to 33 month range, it "functionally" breached the plea agreement.
 
 
 9
 "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971); see also United States v. Kurkculer, 918 F.2d 295, 297 (1st Cir.1990) ("The Government must keep its promises or the defendant must be released from the bargain.").
 
 
 10
 In this case, the government fulfilled the promises it made in the Agreement. The Agreement provided that "no one has promised a particular sentence or sentencing range." It further provided that "[d]efendant has been advised and understands ... that the final decision concerning the range of sentences applicable to his offense rests with the Court and that defendant will not have a right to withdraw his plea based upon the Court's application of the guidelines." After Zanni amended his statement in the PSR to "completely and truthfully admit[ ] his involvement in the criminal conduct to which he is pleading guilty," the government withdrew its opposition to a three-level reduction for acceptance of responsibility. The government recommended a jail sentence "within the range of jail terms computed by the Court." The Agreement specifically provided that "Defendant understands that the government will be free to recommend any specific sentence it deems appropriate from within that range."
 
 
 11
 Zanni was not promised a particular imprisonment range or a particular sentence. The Agreement anticipated both the possibility that the sentencing court would deny a reduction for acceptance of responsibility and that the government would recommend a sentence at the high end of the applicable sentencing range. The government did not breach the plea agreement by recommending a sentence at the high end of the sentencing range arrived at by the court.
 
 
 12
 Accordingly, Zanni's sentence is summarily affirmed. See Loc. R. 27.1.