86 F.3d 1147
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Joseph F. ALBANESE, Defendant, Appellant.
 No. 96-1014.
 United States Court of Appeals, First Circuit.
 June 5, 1996.
 
 Randy Olen and John M. Cicilline on brief for appellant.
 Sheldon Whitehouse, United States Attorney, and Richard W. Rose, Assistant United States Attorney, on brief for appellee.
 Before TORRUELLA, Chief Judge, and BOUDIN and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 After careful review of the briefs and record, we find no clear error in the district court's Sentencing Guidelines calculation.
 
 
 2
 Specifically, the district court's determination that defendant was not entitled to a two-level reduction for acceptance of responsibility is based on a plausible view of the circumstances. We will not reweigh the factors considered by the district court; nor can we say as a matter of law that defendant's letter to the victim was not threatening and inconsistent with an acceptance of responsibility as contemplated by U.S.S.G. § 3E1.1. See United States v. Royer, 895 F.2d 28, 29 (1st Cir.1990).
 
 
 3
 Next, considering both the victim's age and the circumstances of defendant's second, repeat theft from her, there is sufficient support for the district court's determination that a two-level increase for the victim's vulnerability was warranted. See U.S.S.G. § 3A1.1(b); United States v. Feldman, No. 95-1900, slip op. at 11-16 (1st Cir. April 26, 1996); cf. United States v. Rowe, 999 F.2d 14, 16-17 (1st Cir.1993).
 
 
 4
 Finally, as defendant committed the thefts under the guise of his work as an investment advisor purporting to assist the victim, there is no clear error in the district court's imposition of a two-level increase for abuse of defendant's position of trust. See U.S.S.G. § 3B1.3; United States v. Tardiff, 969 F.2d 1283, 1289 (1st Cir.1992).
 
 
 5
 Affirmed. See 1st Cir. Loc. R. 27.1.