86 F.3d 1147
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Simon GONZALEZ-MIRANDA, Defendant, Appellant.
 No. 96-1204.
 United States Court of Appeals, First Circuit.
 June 5, 1996.
 
 George D. Hepner, III on brief for appellant.
 Jay P. McCloskey, United States Attorney, Jonathan R. Chapman, Assistant U.S. Attorney, and Margaret D. McGaughey, Assistant U.S. Attorney, on brief for appellee.
 Before TORRUELLA, Chief Judge, BOUDIN and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant-appellant, Simon Gonzalez-Miranda, challenges the district court's refusal to grant a two-level downward adjustment for acceptance of responsibility to his sentence for violating 8 U.S.C. § 1326(a) and (b)(2) (illegal re-entry after deportation). After careful review of the parties' briefs and the record, we find no reason to disturb the sentence imposed by the district court.
 
 
 2
 A sentencing court has wide latitude in determining the propriety of a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, and its finding on this issue will normally be set aside only if clearly erroneous. United States v. DeLeon Ruiz, 47 F.3d 452, 455 (1st Cir.1995). Where, as here, the defendant's conviction follows a trial, the reduction is reserved for "rare situations" in which the defendant may clearly demonstrate, through pre-trial statements and conduct, acceptance of responsibility for his criminal conduct. U.S.S.G. § 3E1.1, Application Note 2; United States v. Bennett, 37 F.3d 687, 697 (1st Cir.1994). Clearly demonstrating acceptance of responsibility requires a show of contrition, id. at 698, and whether a defendant has made this showing is a question of fact, United States v. Royer, 895 F.2d 28, 29 (1st Cir.1990).
 
 
 3
 Although the record shows that the defendant on several occasions prior to trial, as well as during his trial testimony, admitted his guilt, the record also shows that these admissions were unaccompanied by such expressions of remorse necessary to indicate that the defendant clearly demonstrated an acceptance of responsibility for his criminal conduct. The district court's refusal to grant a downward adjustment under U.S.S.G. § 3E1.1 was thus not clearly erroneous.
 
 
 4
 Affirmed. Loc. R. 27.1.