USCA1 Opinion

 

 June 5, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1204 UNITED STATES, Appellee, v. SIMON GONZALEZ-MIRANDA, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Gene Carter, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Boudin and Lynch, Circuit Judges. ______________ ____________________ George D. Hepner, III on brief for appellant. _____________________ Jay P. McCloskey, United States Attorney, Jonathan R. Chapman, _________________ ____________________ Assistant U.S. Attorney, and Margaret D. McGaughey, Assistant U.S. ______________________ Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. Defendant-appellant, Simon Gonzalez- __________ Miranda, challenges the district court's refusal to grant a two-level downward adjustment for acceptance of responsibility to his sentence for violating 8 U.S.C.  1326(a) and (b)(2) (illegal re-entry after deportation). After careful review of the parties' briefs and the record, we find no reason to disturb the sentence imposed by the district court. A sentencing court has wide latitude in determining the propriety of a reduction for acceptance of responsibility under U.S.S.G. 3E1.1, and its finding on this issue will normally be set aside only if clearly erroneous. United ______ States v. DeLeon Ruiz, 47 F.3d 452, 455 (1st Cir. 1995). ______ ____________ Where, as here, the defendant's conviction follows a trial, the reduction is reserved for "rare situations" in which the defendant may clearly demonstrate, through pre-trial statements and conduct, acceptance of responsibility for his criminal conduct. U.S.S.G. 3E1.1, Application Note 2; United States v. Bennett, 37 F.3d 687, 697 (1st Cir. 1994). _____________ _______ Clearly demonstrating acceptance of responsibility requires a show of contrition, id. at 698, and whether a defendant has ___ made this showing is a question of fact, United States v. _____________ Royer, 895 F.2d 28, 29 (1st Cir. 1990). _____ Although the record shows that the defendant on several occasions prior to trial, as well as during his trial testimony, admitted his guilt, the record also shows that -3- these admissions were unaccompanied by such expressions of remorse necessary to indicate that the defendant clearly demonstrated an acceptance of responsibility for his criminal conduct. The district court's refusal to grant a downward adjustment under U.S.S.G. 3E1.1 was thus not clearly erroneous. Affirmed. Loc. R. 27.1. ________ -4-