USCA1 Opinion

 

 June 5, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1014 UNITED STATES, Appellee, v. JOSEPH F. ALBANESE, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Francis J. Boyle, Senior U.S. District Judge] __________________________ ____________________ Before Torruella, Chief Judge, ___________ Boudin and Lynch, Circuit Judges. ______________ ____________________ Randy Olen and John M. Cicilline on brief for appellant. __________ _________________ Sheldon Whitehouse, United States Attorney, and Richard W. Rose, __________________ _______________ Assistant United States Attorney, on brief for appellee. ____________________ ____________________ Per Curiam After careful review of the briefs and __________ record, we find no clear error in the district court's Sentencing Guidelines calculation. Specifically, the district court's determination that defendant was not entitled to a two-level reduction for acceptance of responsibility is based on a plausible view of the circumstances. We will not reweigh the factors considered by the district court; nor can we say as a matter of law that defendant's letter to the victim was not threatening and inconsistent with an acceptance of responsibility as contemplated by U.S.S.G. 3E1.1. See ___ United States v. Royer, 895 F.2d 28, 29 (1st Cir. 1990). _____________ _____ Next, considering both the victim's age and the circumstances of defendant's second, repeat theft from her, there is sufficient support for the district court's determination that a two-level increase for the victim's vulnerability was warranted. See U.S.S.G. 3A1.1(b); United ___ ______ States v. Feldman, No. 95-1900, slip op. at 11-16 (1st Cir. ______ _______ April 26, 1996); cf. United States v. Rowe, 999 F.2d 14, 16- __ _____________ ____ 17 (1st Cir. 1993). Finally, as defendant committed the thefts under the guise of his work as an investment advisor purporting to assist the victim, there is no clear error in the district court's imposition of a two-level increase for abuse of defendant's position of trust. See U.S.S.G. 3B1.3; United ___ ______ States v. Tardiff, 969 F.2d 1283, 1289 (1st Cir. 1992). ______ _______ -3- Affirmed. See 1st Cir. Loc. R. 27.1. ________ ___ -4-