USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1071 UNITED STATES, Appellee, v. G. DENNIS JOHNSON, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Gene Carter, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Cyr and Stahl, Circuit Judges. ______________ ____________________ Richard H. Gens on brief for appellant. _______________ Jay P. McCloskey, United States Attorney, Jonathan R. Chapman and ________________ ____________________ Margaret D. McGaughey, Assistant United States Attorneys, on brief for _____________________ appellee. ____________________ August 22, 1996 ____________________ Per Curiam. The defendant, G. Dennis Johnson, ___________ appeals his convictions and sentences for conspiracy to possess with intent to distribute heroin, see 21 U.S.C.  ___ 846, and for aiding and abetting in the distribution of and possession with intent to distribute heroin, see 21 U.S.C.  ___ 841(a)(1) and 18 U.S.C. 2. After careful review of the parties' briefs and the entire record, we find no reason to disturb the judgment below. The defendant challenges his convictions, claiming the evidence was insufficient to prove he possessed the requisite mental state, i.e., that he was a knowing and intentional participant in the drug deal arranged by Daryl Young, his co-conspirator. We review the record to determine whether on all the evidence and reasonable inferences from the evidence a reasonable factfinder could have found guilt beyond a reasonable doubt. United States v. Dodd, 43 F.3d _____________ ____ 759, 762 (1st Cir. 1995). The district court, sitting as the trier of fact, heard the defendant, in tape recorded telephone conversations with an undercover drug enforcement agent posing as a buyer, provide the buyer with information necessary to lead him to the ultimate seller of the heroin. Although the defendant testified that he was suffering the effects of heroin withdrawal at the time of the conversation and did not know he was facilitating a drug deal, the district court found, as it was free to do, that the -2- defendant's testimony was not credible. See United States v. ___ _____________ DiMarzo, 80 F.3d 656, 661 (1st Cir. 1996) (factfinder _______ entitled to reject defendant's testimonial contradiction of government witness and his proffered innocent explanation for his conduct). From all the evidence the district court was warranted in inferring that the defendant was a knowing participant in the drug transaction. The defendant challenges the district court's imposition of a two-level upward adjustment to his sentence for obstruction of justice, pursuant to U.S.S.G. 3C1.1, based on a finding that the defendant had committed perjury during his trial testimony. The district court found the defendant's testimony that he was unaware that Young had brought drugs into Maine not to be credible when compared with the tape recording of the defendant's conversation with the undercover agent/buyer, and that the defendant had deliberately testified falsely to obtain an acquittal. The district court's finding of untruthfulness, encompassing all the elements of perjury, is supported by the record, see ___ United States v. Rehal, 940 F.2d 1, 6 (1st Cir. 1991), and we _____________ _____ find no clear error. The defendant also claims that he was entitled to a downward adjustment to his sentence for acceptance of responsibility pursuant to U.S.S.G. 3E1.1. Only in "extraordinary cases," however, will an adjustment be granted -3- for acceptance of responsibility when an enhancement has been given for obstruction of justice. U.S.S.G. 3E1.1, Application Note 4. The defendant has not shown this to be an extraordinary case. Moreover, the clear demonstration of acceptance of responsibility necessary for this section to apply requires from the defendant an authentic showing of remorse, United States v. Bennett, 37 F.3d 687, 698 (1st Cir. _____________ _______ 1994); "[t]he adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. 3E1.1, Application Note 2. The district court had a plausible basis for concluding that the defendant had not accepted responsibility within the meaning of the guideline. See United States v. Royer, 895 F.2d 28, 30 (1st Cir. 1990). ___ _____________ _____ Affirmed. Loc. R. 27.1. ________ -4-