USCA1 Opinion

 

 [NOT FOR PUBLICATION] United States Court of Appeals For the First Circuit ____________________ No. 96-2350 UNITED STATES, Appellee, v. FRANCIS BOOTS, Defendant - Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ _____________________ David W. Bate for appellant. _____________ F. Mark Terison, Assistant United States Attorney, with whom _______________ Jay P. McCloskey, United States Attorney, and Margaret D. __________________ ____________ McGaughey, Assistant United States Attorney, were on brief for _________ appellee. ____________________ June 25, 1997 ____________________ Per Curiam. Francis Boots ("Boots") was convicted, Per Curiam.  ___________ following a jury trial, of conspiracy, in violation of 18 U.S.C. 371, to commit three offenses: 1) to devise a scheme or artifice using the wires in interstate commerce with intent to defraud Canada and the Province of Nova Scotia of excise duties and tax revenues, in violation of 18 U.S.C. 1343; 2) to devise a scheme or artifice to deprive the residents of the Passamaquoddy Reservation in Maine of the honest services of their police chief, in violation of 18 U.S.C. 1343 and 1346; and 3) to travel interstate with the intent to facilitate bribery, a crime under Maine state law, in violation of 18 U.S.C. 1952. United States v. Boots, 80 F.3d 580, 582-83 (1st Cir.), cert. _____________ _____ _____ denied, 417 S. Ct. 263 (1996) ("Boots I"). ______ _______ Following conviction by the district court, Boots and his co-defendants appealed to this court. We reversed in part and remanded for resentencing. Id. at 595. On November 22, ___ 1996, the district court sentenced Boots to fourteen months imprisonment. He now appeals the sentence. Boots first argues that he was entitled to a two-point reduction in his sentencing level for acceptance of responsibility. This issue was reviewed by this court in Boots I _______ and, therefore, the ruling in Boots I -- which affirmed the ________ district court's denial of a downward departure for acceptance of responsibility -- is the law of the case. Boots is, therefore, precluded from seeking review of the issue unless "the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of law applicable to -2- such issues, or the decision was clearly erroneous and would work an injustice." Cohen v. Brown Univ., 101 F.3d 155, 168 (1st Cir. _____ ___________ 1996), cert. denied, 117 S. Ct. 1469 (1997). ____________ Boots alleges that the district court's statement on remand that he had been truthful with the court was enough to allow reconsideration of our earlier decision. We disagree. Although it is true that the district court commented on Boots' truthfulness, this choice of words by the sentencing court is insufficient to overcome the law of the case doctrine. As we stated in Cohen v. Brown University, "only a few exceptional _____ _________________ circumstances can overcome the interests served by adherence to the [law of the case] doctrine and those exceptions are narrowly circumscribed." Id. It is insufficient for appellant Boots ___ simply to point to comments by the district court that differ from comments made by that court prior to Boots I without showing _______ that these comments amount to substantially different evidence. As he has failed to show that substantially different evidence was presented, we affirm the district court's decision as to the acceptance of responsibility issue.1 Boots' second argument is that the district court erred in imposing a fourteen month sentence. He does not dispute that the district court correctly calculated his offense level to be thirteen, which implies a sentence range of twelve to eighteen  ____________________ 1 We add that even if we decided that the law of the case doctrine did not apply, we would be required to affirm the district court decision unless it were clearly erroneous, which it is not. See United States v. Royer, 895 F.2d 28, 30 (1st Cir. ___ _____________ _____ 1990). -3- months. He claims, however, that in choosing a sentence of fourteen months, the court impermissibly considered tax revenue loss suffered by Canada. As a general rule, it is established that this court ordinarily has no jurisdiction to review a sentence within the applicable sentencing guideline range if that range was correctly determined. United States v. Panet-Collazo, 960 F.2d 256, 261 ______________ _____________ (1st Cir. 1992). Since there is no indication that the sentencing court's affixation of the fourteen-month term was otherwise "in violation of law,"2 18 U.S.C. 3742(a)(1), we lack jurisdiction to consider this claim. See United States v. Col n, ___ _____________ _____ 884 F.2d 1550 (2d Cir. 1989). Affirmed. Affirmed ________  ____________________ 2 On plain error review, we conclude that the district court's consideration of the Canadian tax revenue loss, although not a predicate for wire fraud, see United States v. Boots, 80 F.3d 580 ___ _____________ _____ (1st Cir.), cert. denied, 417 S. Ct. 263 (1996), was not improper ____________ given that the guidelines permit the court to consider "any information . . . unless otherwise prohibited by law." U.S.S.G. 1B1.4. We note also that other circuits have allowed consideration of foreign convictions in determining sentencing within the applicable range. See United States v. Soliman, 889 ___ _____________ _______ F.2d 441 (2d Cir. 1989) (interpreting United States v. Tucker, _____________ ______ 404 U.S. 443 (1972)). See also United States v. Fleishman, 684 ________ _____________ _________ F.2d 1329 (9th Cir. 1982). -4-