USCA1 Opinion

 

 [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-2314

 UNITED STATES,

 Appellee,

 v.

 CARLOS BRIGNONI-NIEVES,

 Defendant, Appellant.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Hector M. Laffitte, U.S. District Judge]

 Before

 Selya, Boudin and Lynch,
 Circuit Judges.
 
 
 
 
 
 Jorge E. Rivera-Ortiz on brief for appellant.
 Guillermo Gil, United States Attorney, Jorge E. Vega-Pacheco,
Assistant United States Attorney, and Camille Velez-Rive, Assistant
United States Attorney, on brief for appellee.

SEPTEMBER 29, 1999

 
 
 
 
 Per Curiam. Carlos Brignoni-Nieves appeals from the
 district court's refusal to reduce his sentence for acceptance
 of responsibility under U.S.S.G. 3E1.1. Although appellant
 pled guilty and admitted the conduct comprising the offense of
 conviction, the sentencing judge found that appellant had
 denied relevant conduct that the court had determined to be
 true and that appellant was not genuinely repentant. Because
 those findings are supported by the record and provide a basis
 for denial of an acceptance of responsibility adjustment under
 3E1.1, we affirm appellant's sentence.
 To qualify for a decrease in offense level under 
 3E1.1, the defendant must "clearly demonstrate acceptance of
 responsibility for his offense." 3E1.1. "A defendant may
 remain silent in respect to relevant conduct beyond the offense
 of conviction without affecting his ability to obtain a
 reduction under this subsection. However, a defendant who
 falsely denies, or frivolously contests, relevant conduct that
 the court determines to be true has acted in a manner
 inconsistent with acceptance of responsibility." 3E1.1,
 comment. (n.1(a)); see United States v. Hernandez-Coplin, 24
 F.3d 312, 317 (1st Cir. 1994).
 "A defendant bears the burden of proving entitlement
 to decreases in the offense level, including downward
 adjustments for acceptance of responsibility." United States
 v. Gonzales, 12 F.3d 298, 300 (1st Cir. 1993). "A sentencing
 court has very wide latitude in determining whether to grant
 this adjustment and a finding on this issue is normally set
 aside only if it was clearly erroneous." United States v. De
 Leon Ruiz, 47 F.3d 452, 455 (1st Cir. 1995)(citations omitted);
 see 3E1.1, comment.(n.5) ("The sentencing judge is in a
 unique position to evaluate a defendant's acceptance of
 responsibility. For this reason, the determination of the
 sentencing judge is entitled to great deference on review.").
 To qualify for an adjustment under 3E1.1, "the
 defendant must admit to the conduct comprising the offense and
 either admit or remain silent as to other relevant conduct."
 Hernandez Coplin, 24 F.3d at 317. "[A]cceptance of
 responsibility necessitates candor and authentic remorse -- not
 merely a pat recital of the vocabulary of contrition . . . .
 Credibility and demeanor play a crucial role in determining
 whether a person is genuinely contrite." United States v.
 Royer, 895 F.2d 28, 30 (1st Cir. 1990). The sentencing judge
 found that, with respect to other relevant conduct, appellant
 had "den[ied] matters that have been established clearly." The
 district court also found that appellant's "demeanor, the way
 [he had] been expressing [him]self, [his] justifications" were
 inconsistent with genuine repentance. "Because the court had
 a plausible basis for arriving at the conclusion, no more was
 required." Id.
 Appellant's sentence is affirmed. See Loc. R. 27.1.