**UNITED STATES of America**

v.

**Charles D. STERGIOS, Defendant**

**No. CRIM. 04–110–P–S.**

United States District Court,
D. Maine.

April 4, 2005.

Halsey B. Frank, Office of the U.S. Attorney, District of Maine, Portland, ME, for USA.

Mary A. Davis, Tisdale & Davis, Timothy Zerillo, Timothy Zerillo Law Offices, Portland, ME, for Defendant.

### *SENTENCING MEMORANDUM*

SINGAL, Chief Judge.

There are two disputed issues that the Court must resolve in order to determine the Guideline range for this Defendant under the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines"). This memorandum provides the Court's written explanation for its rulings on both of these disputed issues.

### I. SPECIFIC OFFENSE CHARACTERISTICS

On October 18, 2004, Defendant Charles Stergios appeared before the Court and pled guilty to a three count information charging him with wire fraud (18 U.S.C. § 1343), mail fraud (18 U.S.C. § 1341) and bank fraud (18 U.S.C. § 1344). Defendant's guilty plea was made pursuant to a plea agreement (Docket # 3). Under the terms of that plea agreement, the Government and the Defendant agreed to take certain positions with respect to the Guideline calculations for his offense. In relevant part, both sides stipulated that "pursuant to U.S.S.G. § 2B1.1(b)(1)(G), defendant's base offense level is increased by 12 levels because the loss he intended to inflict on his victims was more than $200,000" and "pursuant to U.S.S.G. § 2B1.1(b)(2)(B), defendant's base offense level is increased by 4 levels because his offense involved more than 50 victims." (Plea Agreement (Docket # 3) at 3.) In the course of his plea colloquy, the Defendant admitted the facts necessary to allow this Court to make the findings necessary to support these enhancements.

Notably, the plea agreement also explicitly states, "The parties expressly agree and understand that the Court is not bound by the [Guideline calculation] stipulations, and should the Court reject any of the recommendations of the parties, the defendant will not thereby be permitted to withdraw his plea of guilty." (Plea Agreement (Docket # 3) at 4.)

In fact, the presentence report ("PSR") found Stergios was eligible for a 14 level enhancement pursuant to U.S.S.G. § 2B1.1(b)(1)(H) because the losses resulting from his fraud totaled over $421,000.00. In addition, the PSR identified 321 victims of the fraud allowing for a six level enhancement pursuant to U.S.S.G. § 2B1.1(b)(2)(C). Defendant now argues that that it would be unfair for the Court to adopt these larger enhancements recommended in the PSR since they exceed the enhancements that are listed in the plea agreement. Alternatively, Defendant argues that application of the enhancements listed in the PSR would be a violation of the Ex Post Facto Clause.

In support of this latter argument, Defendant essentially asserts that at the time of his guilty plea he was relying on this Court's interpretation of *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Under this interpretation, Defendant believed his Guideline range would be determined by only those facts to which he admitted during his plea colloquy. Thus, he mistakenly believed that this Court would not be able to increase his Guideline range by engaging in judicial fact-finding. However, since that time, the Supreme Court has issued its decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and thereby clarified how the principles it announced in *Blakely* apply to the Guidelines. Under *Booker*, it is clear that this Court can and should engage in judicial fact finding in order to determine each defendant's Guideline range. However, following *Booker*, this sentencing range is not binding on the Court.

This Court is clearly bound to follow the Supreme Court's decision in *Booker*. In contrast, the terms of the Defendant's plea agreement clearly and explicitly do not bind the Court. In an abundance of caution, the Court has allowed the Defendant an opportunity to move to withdraw his plea in light of the intervening *Booker* decision. However, Defendant did not file a motion to withdraw. Under these circumstances, the Court does not believe that fairness or any other legal principle dictate that it must accept the sentencing recommendations laid out in the plea agreement and thereby disregard the *Booker* decision. Thus, finding by a preponderance of the evidence that Defendant's fraud involved a total of 321 victims and over $421,000.00 in losses, the Court will apply the 6 level enhancement required under U.S.S.G. § 2B1.1(b)(2)(C) and the 14 level enhancement required in U.S.S.G. § 2B1.1(b)(1)(H).

## II. OBSTRUCTION OF JUSTICE & ACCEPTANCE OF RESPONSIBILITY

■ At the presentence conference, the Court notified both sides that it was contemplating the application of an obstruction of justice enhancement pursuant to U.S.S.G. § 3C1.1. In addition, the Court informed the parties that it was concerned that Defendant did not qualify for an acceptance of responsibility adjustment pursuant to U.S.S.G. § 3E1.1. Both the Government and the Defendant filed sentencing memoranda that addressed these issues.

Having reviewed these memoranda as well as the PSR, the Court believes the applicability of the obstruction of justice enhancement is a very close call. Nonetheless, the Court ultimately finds that Defendant's failure to disclose assets does not fall squarely within the category of "providing materially false information to a probation officer with respect to a presen-

tence or other investigation for the court." U.S.S.G. § 3C1.1 cmt. 4(h) & 6. Rather, Defendant's conduct can be more readily described as "providing incomplete or misleading information, not amounting to a material falsehood, in respect to a presentence investigation." U.S.S.G. § 3C1.1 cmt. 5(c). For this reason, the Court will not apply the obstruction of justice enhancement.

■ The only remaining question is whether the Defendant is entitled to a proposed three point reduction for acceptance of responsibility. The Defendant opened the door to this reduction by pleading guilty to an information on October 18, 2004. As the First Circuit has recently explained, "Although the entry of a guilty plea prior to trial is impressive evidence of acceptance of responsibility, it does not automatically entitle a defendant to the credit." *United States v. McLaughlin*, 378 F.3d 35, 39 (1st Cir.2004) (citations omitted). Rather, it is Defendant's burden to demonstrate he is entitled to the reduction because of his "candor and authentic remorse." *Id.* (quoting *United States v. Royer*, 895 F.2d 28, 30 (1st Cir.1990)). In this case, Defendant cannot meet this burden in light of his conduct during the presentence investigation.

■ The Court's primary basis for reaching this conclusion relates to Defendant's failure to appreciate his restitution obligation and preserve available assets in order to make restitution as well as Defendant's lack of candor with respect to his assets during the presentence investigation. The commentary to U.S.S.G. § 3E1.1 specifically instructs the Court to consider "voluntary payment of restitution prior to adjudication of guilt" in determining whether a defendant qualifies for a reduction for acceptance of responsibility. U.S.S.G. § 3E1.1 cmt. 1(c). To date, Defendant has not made voluntary payments

of restitution to any of his 321 victims. In fact, he has attempted to conceal assets from the Court during the presentence investigation and has overseen the dissipation of assets that could have been used for restitution. (*See* PSR ¶¶ 8, 46 & 47.) In light of these actions, the Court cannot find that the Defendant has exhibited authentic remorse for his actions.[1]

In addition, rather than expressing remorse and taking responsibility for his conduct during the presentence investigation, Defendant attempted to blame others for his conduct. (*See* PSR ¶ 9.) When combined with Defendant's attempts to conceal and dissipate his assets in order to avoid his restitution obligation, these actions provide ample evidence that the Defendant has not genuinely accepted responsibility for his conduct that resulted in the charges in this case. Therefore, the Court finds that Defendant has not met his burden of proving that he is entitled to a three point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.

SO ORDERED.

---

1. Other courts have indicated that failure to make voluntary restitution or otherwise preserve available assets in order to make restitution can serve as a basis for denying a defendant an acceptance of responsibility adjustment. *See, e.g., United States v. Whitman,* 209 F.3d 619, 622 (6th Cir.2000) (noting that the district court was justified in considering defendant's failure to make any voluntary restitution prior to the sentencing hearing in deciding to deny an adjustment for acceptance of responsibility); *United States v. Anderson,* 68 F.3d 1050, 1055–56 (8th Cir.1995)(upholding the district court's decision to apply obstruction of justice enhancement and deny defendant an acceptance of responsibility adjustment based on defendant's failure to provide complete financial in formation during the presentence investigation); *United States v. Merritt,* 988 F.2d 1298, 1302–05 (2d Cir.1993) (discussing the district court's decision to deny defendant an acceptance of responsibility adjustment despite his guilty plea because of evidence that defendant secreted assets that could have been used to make restitution).