

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-8-2006

# USA v. Sutton

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1808

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Sutton" (2006). *2006 Decisions.* Paper 227.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/227

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-1808

———————

UNITED STATES OF AMERICA

v.

RONNIE SUTTON,
                                    Appellant

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Crim. No. 03-cr-00178-2
District Judge:  The Honorable Robert B. Kugler

———————

Submitted Under Third Circuit LAR 34.1(a)
November 7, 2006

———————

Before: SCIRICA, Chief Judge, BARRY and ALDISERT, Circuit Judges

(Opinion Filed:  November 8, 2006)

———————

OPINION

———————

BARRY, Circuit Judge

    Appellant Ronnie Sutton timely appeals his conviction and sentence for bank

robbery and brandishing a firearm in connection with a bank robbery.  We have

jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We will affirm.

**I.**

On the morning of December 24, 2002, Ronnie Sutton and codefendants Jerry Sutton and Jayson Forman entered the Sterling Bank in Southampton, New Jersey. All three men wore gloves and ski masks, and Forman carried a sawed-off shotgun. Approaching one of the tellers, Forman ordered her to "give me money or I'll kill you." Meanwhile, Ronnie Sutton gathered the three other bank employees and put them in the vault, threatening that "someone is going to get f---ing hurt." When Forman had collected $6,000, the three men left the bank.

As the robbers were fleeing, several witnesses were able to discern some of the numbers and letters on the license plate of the getaway car. When Ronnie Sutton arrived home after the robbery, he gave his girlfriend, Denise Lipsey, $300 to buy Christmas presents for her children. She overheard Ronnie and Jerry Sutton discussing the robbery and arguing over Forman's share of the proceeds.

Two months later, in Beverly City, New Jersey, a police officer observed Ronnie and Jerry Sutton and one Hassan Williams exiting a well-known drug house, which the three men had just robbed. Upon spotting the officer, Ronnie and Jerry Sutton retreated into the house and escaped. The officer apprehended Williams and discovered in his waist band the sawed-off shotgun that Forman had carried during the bank robbery.

Subsequently, FBI agents working with a confidential informant tape-recorded a conversation involving Forman in which he identified Ronnie and Jerry Sutton as having

2

assisted him in robbing a bank. Authorities arrested Forman on March 3, 2003, at which time he immediately confessed to the bank robbery and implicated his accomplices, Ronnie and Jerry Sutton.

On March 8, 2003, a federal grand jury sitting in Camden, New Jersey returned a one-count indictment charging Ronnie Sutton, Jerry Sutton, and Jayson Forman with bank robbery. A superseding indictment was filed on October 28, 2003, charging the three men with one count of bank robbery in violation of 18 U.S.C. §§ 2113(a) and 2 (Count 1), and one count of carrying a firearm in connection with a crime of violence in violation of 18 U.S.C. §§ 924(c) and 2 (Count 2). Jerry Sutton and Jayson Forman pled guilty. The government subsequently filed a second superseding indictment against Ronnie Sutton, modifying Count 2 to charge him with brandishing a firearm in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. This modification increased the mandatory sentence for Count 2 from a 60-month consecutive sentence to an 84-month consecutive sentence.

On November 10, 2004, Ronnie Sutton (hereinafter "Sutton") moved to exclude evidence of other crimes and prior bad acts. The District Court denied the motion, and trial commenced on November 15, 2004. Two days later, the jury returned guilty verdicts on both counts. The District Court sentenced Sutton to 150 months of imprisonment on Count 1 and a consecutive term of imprisonment of 84 months on Count 2, followed by five years of supervised release. Sutton now appeals.

**II.**

**A.** **Sufficiency of the Indictment**

Sutton argues, first, that the second superseding indictment failed to give him notice that he was liable for aiding and abetting. He did not raise this issue at trial, and the parties disagree as to the appropriate standard of review. We typically review arguments not raised in the District Court for plain error. *United States v. Olano*, 507 U.S. 725, 731-32 (1993). However, in *United States v. Hedaithy*, 392 F.3d 580, 588-90 (3d Cir. 2004), we exercised plenary review over a challenge to the sufficiency of an indictment raised in the first instance on appeal. We need not reconcile this apparent conflict because even under a plenary standard of review, Sutton's argument is without merit.

Section 2 of Title 18 of the United States Code provides the statutory basis for aiding and abetting liability:

> (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
> (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

18 U.S.C. § 2. The second superseding indictment clearly specified, in four places, that Sutton was charged with violating 18 U.S.C. § 2 in conjunction with the substantive offenses of bank robbery and brandishing a firearm. (*See* Supplemental App. at 1-3.) Sutton's own filings with the District Court demonstrate his awareness of this charge. (*See* App. at 31 (listing 18 U.S.C. § 2 in the caption of Sutton's motion in limine).)

4

Sutton's challenge to the sufficiency of the indictment is frivolous, and we reject it without further discussion.

**B.    Evidence of Prior Bad Acts**

Sutton argues, next, that the District Court erred by admitting evidence of prior bad acts under Federal Rule of Evidence 404(b).  Sutton sought to exclude this evidence in his motion in limine, thereby preserving the issue for appeal.  We review a district court's evidentiary rulings for abuse of discretion, reversing only if a ruling is arbitrary or irrational.  *United States v. Williams*, 458 F.3d 312, 315 (3d Cir. 2006).

Sutton complains generally of the government's use of evidence of his "prior bad acts," but fails to specify what that evidence is.  The supplemental record submitted by the government reveals two categories of apparently contested evidence: evidence of the history of the sawed-off shotgun used in the bank robbery, and evidence of Sutton's prior drug dealing.

At the pretrial hearing, the government argued that evidence of the history of the sawed-off shotgun was intrinsic to Count 2, the firearm brandishing count, and therefore should be admitted notwithstanding Rule 404(b).  The District Court agreed, and admitted the evidence over Sutton's objection.  That ruling was not an abuse of discretion.  *See United States v. Gibbs*, 190 F.3d 188, 217 (3d Cir. 1999) (" Rule 404(b), which proscribes the admission of evidence of other crimes when offered to prove bad character, does not apply to evidence of uncharged offenses committed by a defendant when those acts are intrinsic to the proof of the charged offense.").

With respect to Sutton's past drug dealing, the government sought to admit this evidence under Rule 404(b) for the permissible reason of showing that even before the bank robbery, the robbers had a relationship – Forman had a crack addiction and Sutton exploited this addiction to recruit Forman into the bank robbery scheme. Conceding that this evidence was "very prejudicial" (Supplemental App. at 26), the District Court balanced the prejudice against the probative value of the evidence under Rule 403 and admitted the evidence with a limiting instruction given at Sutton's request. The District Court did not abuse its discretion in concluding that the danger of any unfair prejudice did not substantially outweigh the probative value of the proffered evidence.

## C.    Judicial Bias

Sutton contends that the District Court exhibited bias by statements made during sentencing. First, the District Court observed at sentencing that one of the bank employees was pregnant at the time of the robbery, and that she "was made to crawl across the floor like a dog." (Supplemental App. at 164.) There was no evidence of this, and the government opines that the District Court was recalling evidence from another trial. The record reflects, however, that before sentence was imposed, the government corrected the Court's misrecollection of the facts. Upon learning of its mistake, the Court apologized and stated that the sentence would reflect the relevant factors under 18 U.S.C. § 3553. The District Court's mistake simply does not support an inference of bias.

Sutton also complains of the District Court's observation that during the course of the trial, Sutton stared at the bank employees who testified against him in such a manner

as to make clear that "he was attempting to intimidate the victims in this case." (Supplemental App. at 164.) "'[C]redibility and demeanor play a crucial role in determining whether a person is genuinely contrite,' and the sentencing judge 'has the unique opportunity of observing the defendant . . . and evaluating acceptance of responsibility in a live context against the backdrop of the case as a whole.'" *United States v. Robinson*, 433 F.3d 31, 38 (1st Cir. 2005) (quoting *United States v. Royer*, 895 F.2d 28, 29, 30 (1st Cir. 1990)). The District Court was well within its rights to note what it had observed, and no relief is in order, much less the *sua sponte* recusal Sutton believes would have been appropriate or the reversal of his conviction he now seeks.

**D.    Sixth Amendment**

Finally, Sutton alleges a Sixth Amendment violation stemming from the imposition of sentence based in part on facts found by the District Court by a preponderance of the evidence. He also contends that his sentence violated his Sixth Amendment rights because it was disproportionate to those of his codefendants, both of whom pled guilty. Sutton raised neither of these objections in the District Court, so we review for plain error. *See United States v. Vazquez*, 271 F.3d 93, 99 (3d Cir. 2001).

Neither of Sutton's arguments has merit. First, it remains the law that a judge may find sentencing factors by a preponderance of the evidence. *See United States v. Miller*, 417 F.3d 358, 362-63 (3d Cir. 2005). Second, Sutton's sentencing disparity argument ignores the fact that his codefendants, who pled guilty and who cooperated with the government by testifying against him, received credit for their acceptance of

7

responsibility and cooperation. It also ignores the fact that Sutton had a higher criminal history category and a higher total offense level than both of his codefendants, and faced a higher mandatory minimum sentence on Count 2.

Moreover, the advisory guideline range for Count 1 was 100-125 months, and the District Court found, in light of the circumstances of the case, that this range was not reasonable. The Court imposed a sentence of 150 months on Count 1, justifying its upward departure by noting the ongoing emotional distress of the victims, Sutton's lengthy history of committing violent crimes, his apparent lack of remorse at trial, and his likelihood for recidivism. Having carefully reviewed the record, we do not find that this was unreasonable.

We find no Sixth Amendment violation in the disparity between the sentences received by Sutton and his codefendants.

### III.

For the foregoing reasons, we will affirm the judgment of conviction and sentence.

8